■ Arnold Gardner, as Father and Natural Guardian of Beth Gardner, an Infant, et al., Appellants, v Abraham Schuster, as Father and Natural Guardian of Jeremy Schuster, an Infant, et al., Respondents. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Rockland County (Stolarik, J.), entered March 9, 1982, which denied their motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, and motion granted. On May 8, 1980, at approximately 2:30 in the afternoon, Beth Gardner was driving her father's automobile southbound on Route 306 in the Town of Ramapo. At that same time, Jeremy Schuster was driving his father's automo-

bile northbound on Route 306. Suddenly the Schuster car crossed the dividing line in the center of the roadway and struck the Gardner car head on. Beth Gardner was seriously injured. The father of Beth Gardner commenced the instant action, on his own and her behalf, alleging that Jeremy Schuster was negligent in, *inter alia,* failing to properly control the vehicle and operating it on the wrong side of the road at a dangerous rate of speed. Plaintiffs moved for summary judgment, submitting an affidavit by Beth Gardner, an affirmation by their attorney, the pleadings, and their bill of particulars. In opposition to plaintiffs' motion, defendants submitted only an affirmation by their attorney, a person without personal knowledge of the facts of the accident, in which he contended that arguable, triable issues of fact exist as to the "potential" contributory negligence of the plaintiff driver. Jeremy Schuster failed to submit his own affidavit in opposition to the motion. Under these circumstances, plaintiffs' motion for summary judgment should have been granted. "[W]here the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure to do so, and a submission of a hearsay affirmation by counsel alone does not satisfy this requirement" (*Zuckerman v City of New York,* 49 NY2d 557, 560). Defendants failed to submit admissible evidence in the form of an affidavit by a person with knowledge of the facts or other evidentiary proof to defeat the motion. "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman v City of New York, supra,* p 562). Mangano, J. P., Weinstein, Brown and Niehoff, JJ., concur.