■ ANITA MASCOLI, Respondent, v CHARLES MASCOLI, Appellant. (Action No. 1.) ANITA MASCOLI, Respondent, v CHARLES MASCOLI, Appellant. (Action No. 2.)—In two separate actions brought by the plaintiff wife to recover arrears alleged to be due under the terms of a separation agreement between the parties, the defendant husband appeals, (1) in action No. 1, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Buell, J.), entered May 8, 1986, as granted the plaintiff's motion for summary judgment, and denied his cross motion to dismiss the complaint, and (2) so

much of a judgment of the same court, entered May 22, 1986, as is in favor of the plaintiff and against him in the principal sum of $7,752.02, and (3) in action No. 2, from an order of the same court, entered September 19, 1986, which granted the plaintiff's motion for summary judgment, and (4) a judgment of the same court, entered October 1, 1986, which is in favor of the plaintiff and against him in the principal sum of $3,000.

Ordered that appeals from the orders are dismissed; and it is further,

Ordered that the judgment entered May 22, 1986 is affirmed insofar as appealed from, and the judgment entered October 1, 1986 is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgments in the actions *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeals from the judgments (CPLR 5501 [a] [1]).

It is well settled that in order to defeat a motion for summary judgment, the opposing party must "show facts sufficient to require a trial of any issue of fact" *(see,* CPLR 3212 [b]), and that showing must be made by producing evidentiary proof in admissible form *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065).

In action No. 1, the defendant merely submitted the affirmation of his attorney in opposition to the plaintiff's motion. Although the affirmation of an attorney, even if he has no personal knowledge of the facts, may sometimes serve as the vehicle for the submission of acceptable attachments providing evidentiary proof in admissible form (such as documents or transcripts), the submission of a hearsay affirmation by counsel alone does not satisfy this requirement *(see, Zuckerman v City of New York,* 49 NY2d 557; *Gardner v Schuster,* 91 AD2d 625).

With regard to action No. 2, while the defendant did submit his own personal affidavit in opposition to the plaintiff's motion for summary judgment, the affidavit merely reiterated the conclusory statements and allegations previously set forth in the defense counsel's affirmation, and, by itself, was insufficient to defeat the motion for summary judgment. Mere conclusions or assertions are insufficient to satisfy the requirements of CPLR 3212 (b) to defeat a motion for summary judgment *(see, Zuckerman v City of New York, supra; Gardner*

*v Schuster, supra)*. Additionally, we note that nowhere in his opposing papers did the defendant deny the plaintiff's allegations that he had failed to pay support and the educational expenses of the parties' child, in accordance with the parties' separation agreement which had survived the judgment of divorce. Where a key fact appears in the movant's papers and the opposing party does not refer to it, that party is deemed to have admitted it *(see, Laye v Shepard,* 25 AD2d 498).

We have reviewed the defendant's remaining contentions and find them to be without merit. Brown, J. P., Niehoff, Sullivan and Harwood, JJ., concur.