■ PAULA M. GALAKIS, Respondent-Appellant, v NICHOLAOS S. GALAKIS, Appellant-Respondent. [686 NYS2d 718] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Alpert, J.), entered September 15, 1997, which, *inter alia,* awarded the plaintiff wife $200 bi-weekly maintenance for a period of six years and directed him to maintain two distinct life insurance policies in the sum of $1,000,000 each, and the plaintiff wife cross-appeals, as limited by her brief, from stated portions of the same judgment which, *inter alia,* directed the defendant husband to pay child support in the sum of only $476.78 every two weeks, and denied her an award of counsel fees.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting the tenth decretal paragraph thereof and substituting therefor a decretal paragraph directing that the defendant maintain (a) a life insurance policy in the amount of $100,000, with the plaintiff as the beneficiary, to be maintained until the plaintiff remarries or dies, and (b) a separate and distinct life insurance policy in the sum of $100,000 listing the plaintiff as the beneficiary in trust for the parties' son until the son reaches the age of 21, and (2) adding thereto a decretal paragraph awarding the plaintiff counsel fees in the sum of $4,500 payable by the defendant; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Upon consideration of the relevant factors (see, Domestic Relations Law § 236 [B] [6]), we discern no impropriety in the trial court's award of maintenance to the plaintiff either in amount or duration. Moreover, the court correctly directed the defendant to maintain life insurance policies for the benefit of the plaintiff and for the parties' son, although it appears that the court intended that the policies should be in the sum of $100,000 each, rather than the sum of $1,000,000 each, which latter sum we would have found to be unreasonable. In addition, the policy to be maintained for the benefit of the plaintiff should have been made to terminate upon her remarriage or death (see, Domestic Relations Law § 236 [B] [6] [c]; Walker v Walker, 255 AD2d 375), and the judgment is therefore modified to so provide.

Furthermore, in light of the substantial disparity in the parties' financial circumstances, and the defendant's unexplained and apparently willful failure to comply with the pendente lite order, we find that the court improvidently exercised its discretion in failing to award counsel fees to the plaintiff. Accordingly, under the circumstances of this case and in consideration of the other payments required of the defendant, the defendant shall pay to the plaintiff as counsel fees the sum of $4,500 (see, Domestic Relations Law § 237 [a]).

The parties' remaining contentions are without merit. S. Miller, J. P., Santucci, Krausman and Luciano, JJ., concur.