■ In the Matter of Ziva Giliya, Appellant, v Steven Warren, Respondent. [817 NYS2d 333]—

In a proceeding pursuant to Family Court Act article 4 for an upward modification of the father's child support obligation, the

mother appeals, as limited by her brief, from (1) so much of an order of the Family Court, Queens County (Heffernan, J.), dated March 4, 2005, as denied her objections to an order of the same court (Blaustein, S.M.), dated November 8, 2004, denying her application for an award of an attorney's fee, disbursements, and interest in the sum of $40,658.30, and (2) stated portions of an order of the same court (Blaustein, S.M.), dated March 7, 2005.

Ordered that the order dated March 4, 2005 is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying the mother's objections to the order dated November 8, 2004, and substituting therefor a provision granting the mother's objections to the extent of granting her application for an award of an attorney's fee in the sum of $10,000 and disbursements in the sum of $2,852; as so modified, the order dated March 4, 2005 is affirmed insofar as appealed from, and the order dated November 8, 2004 is modified accordingly; and it is further,

Ordered that the appeal from the order dated March 7, 2005 is dismissed, as the order is not appealable until objections have been filed (*see* Family Ct Act § 439 [e]), and, in any event, the appeal is academic; and it is further,

Ordered that one bill of costs is awarded to the appellant.

After the mother commenced this proceeding for an upward modification of the father's child support obligation, the parties entered into a stipulation of settlement which provided, inter alia, for the father to pay for certain educational needs of their child, and for the mother's application for an award of an attorney's fee to be determined upon submission of affidavits and documents, without a hearing. The Support Magistrate found that, although the mother's attorney had provided skillful representation that contributed to a successful resolution of the matter, the mother failed to provide adequate proof in support of her allegation that the father had substantial assets or to establish the true extent of her own income. We disagree.

In support of her application, the mother submitted an affidavit and documentary evidence, including the first pages of relevant individual and corporate tax returns, which showed that she had a negative net worth and had not been steadily employed since mid-2001, while the father had a net worth of well over $500,000 and reported gross annual income of about $50,000. In opposition, the father did not deny the key facts alleged by the mother concerning the parties' respective financial circumstances, but contended that the mother's unemployment was voluntary and that her income prior to 2001 had been com-

parable to his own. Since the father did not controvert the key facts alleged in the application concerning the parties' financial circumstances, those facts are deemed admitted (see *Mascoli v Mascoli*, 129 AD2d 778, 780 [1987]).

In view of the wide disparity in the parties' financial circumstances, the Family Court improvidently exercised its discretion in denying any award of an attorney's fee to the mother (see *Galakis v Galakis*, 260 AD2d 431 [1999]). Under all the circumstances, and taking into account the amount already paid by the mother, an award of an attorney's fee to the mother's counsel in the sum of $10,000, plus disbursements in the sum of $2,852, is warranted. Schmidt, J.P., Spolzino, Fisher and Lifson, JJ., concur.