■ VINCENT DUSPIVA, Appellant-Respondent, v LORRAINE DUSPIVA, Respondent-Appellant.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Nassau County (Kohn, J.), entered January 23, 1990, as awarded the defendant wife 40% of the value of his degree and professional license, child support of $140 per week, and 50% of the value of the marital residence, and the defendant wife cross-appeals, as limited by her brief, from so much of the judgment that declined to award her counsel fees, expert witness fees and interest on the distributive award, and which failed to credit her with half the value of a car sold by the plaintiff.

Ordered that the judgment is modified, on the law and the facts and as a matter of discretion, by deleting the sixth decretal paragraph, the seventh decretal paragraph (which credited an award to the plaintiff of $6,840 representing one half of the value of the defendant's pension against the distributive award to her of 40% of the value of the plaintiff's degree and professional license), and eighth decretal paragraphs thereof, and substituting therefor (1) a provision permitting the defendant to elect to either (a) pay the plaintiff a distributive award of $87,500, representing his interest in the marital residence, and receive title to the marital residence from the plaintiff, or (b) receive exclusive occupancy of the marital residence rather than full title, with the house to be sold upon the eighteenth birthday of the parties' child and the proceeds divided equally, (2) a provision awarding the plaintiff $6,840, representing one-half of the value of the defendant's pension, and (3) a provision awarding the defendant $7,500 in counsel fees; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment; and it is further,

Ordered that the defendant's time to pay the distributive award of $87,500 and thereby elect to take full title to the marital residence from the plaintiff is extended until one year from the date from this decision and order.

The defendant's expert properly calculated the enhanced earning capacity conferred by the plaintiff's degree and certification as a certified public accountant by comparing the

expected lifetime earnings of a similarly-situated worker with neither a degree nor certification with those of a comparable certified public accountant and reducing this sum to its present value *(see, McGowan v McGowan,* 142 AD2d 355, 359, n). The trial court correctly concluded that the degree and certification which were acquired during the marriage represented a marital asset *(see, McAlpine v McAlpine,* 176 AD2d 285; *DiCaprio v DiCaprio,* 162 AD2d 944). However, the defendant failed to show that she had made a substantial contribution to this asset. At all times the plaintiff was the main support of the family and he pursued his studies largely unaided. The defendant neither sacrificed her career nor assumed a disproportionate share of household work as a consequence of the plaintiff's studies, and she chose not to work outside the home for nearly a year while the plaintiff attended college and held down a full-time job. In these circumstances, the trial court improvidently exercised its discretion in awarding her a share of the plaintiff's enhanced earning capacity from the degree and certificate.

Therefore, the judgment is modified by awarding the defendant sole title to the marital residence only if, within one year, she pays $87,500 to the plaintiff, half the value of the marital residence, as determined by the trial court. If she fails to pay that sum within one year of the date of this decision and order, she shall receive exclusive possession of the marital residence until the parties' child reaches the age of eighteen years, with the house to be sold thereafter and the proceeds divided equally.

The trial court properly considered the Child Support Standards Act (Domestic Relations Law § 240 [1-b]), which became effective during the pendency of this action *(see, Matter of Fetherston v Fetherston,* 172 AD2d 831, 834; *Gelb v Brown,* 163 AD2d 189, 191), and we see no reason to disturb the amount of child support awarded.

We also award the defendant $7,500 in partial payment of her counsel fees. We have considered the remaining issues raised by both the plaintiff and the defendant and find them to be either academic or without merit. Harwood, J. P., Balletta, O'Brien and Ritter, JJ., concur.