■ MICHAEL J. SUYDAM, Respondent, v ANN E. SUYDAM, Appellant. [610 NYS2d 976] —Weiss, J. Appeals (transferred to this Court by order of the Appellate Division, Second Department) (1) from a judgment of the Supreme Court (Klein, J.H.O.) granting the parties a divorce, entered December 17, 1991 in Dutchess County, upon a decision of the court, and (2) from an order of said court, entered December 17, 1991 in Dutchess County, which distributed plaintiff's pension.

After granting mutual divorces, the Judicial Hearing Officer (hereinafter JHO) ordered equitable distribution of marital property, custody, child support and maintenance. Defendant has appealed from those portions of the judgment and order.

The parties were married on August 26, 1972 when both were without significant assets. Defendant was the sole wage earner while plaintiff finished his college education, earning a degree in physical therapy. Thereafter plaintiff completed the course work for a graduate degree in kinesiology. In 1979, with the assistance of defendant and loans from her family, plaintiff commenced private practice, ultimately producing

yearly net profits of $120,000.[1] The practice was conservatively appraised at $446,245.[2] Although defendant has always been the primary care giver for the two children, she continued to be gainfully employed throughout the marriage, including work for plaintiff as secretary, bookkeeper and in his patient scheduling. During the 16-year marriage they accumulated a marital estate valued at $2,072,000.

The parties purchased the building in the Town of Fishkill, Dutchess County, where plaintiff practiced and both contributed to its renovation and enlargement to accommodate a physical fitness center operated by defendant in conjunction with plaintiff's therapy practice. The JHO concluded that defendant had a present earning capacity of $36,000 based on her employment as manager of the center.

We reject plaintiff's contention that the waste-antagonism-fault factor mentioned by the JHO (see, Domestic Relations Law § 236 [B] [5] [d] [11]) somehow justifies the unequal distribution of the marital property (see generally, Blickstein v Blickstein, 99 AD2d 287), and note that the JHO did not specifically articulate it as a factor in the unequal distribution.

While property acquired during a marriage need not be distributed equally (see, Ackley v Ackley, 100 AD2d 153, 156, lv dismissed 63 NY2d 605; Rodgers v Rodgers, 98 AD2d 386, 390-391), marital property should be distributed equitably and in a manner reflecting the needs and the circumstances of the parties (Greenman v Greenman, 175 AD2d 360, lv dismissed 78 NY2d 1124; Coffey v Coffey, 119 AD2d 620, 622). Each party should be entitled to receive an equitable award proportionate to his or her contribution to the marriage (Ullah v Ullah, 161 AD2d 699, 700, lv denied 76 NY2d 704). There is no requirement that marital assets be liquidated (Greenman v Greenman, supra) or that each particular item be divided on an equal basis (Arvantides v Arvantides, 64 NY2d 1033, 1034). However, where, as here, the marriage is of long duration,

1. Plaintiff's net taxable profit from the physical therapy practice was determined after deduction of *all* building-related expenses including depreciation, deduction of significant accelerated depreciation on equipment, deduction of certain personal expenses ($5,000 per year) and, in 1989, a deduction for personal legal fees ($7,000).

2. Plaintiff's appraisal included a phantom expense of $75,000 per year to hire a salaried physical therapist-manager to replace him in the operation of the practice. The appraisal concluded that the practice received at least $10,000 per year in unreported cash income. This estimated unreported cash was not accounted for in plaintiff's earnings.

and where neither party entered the marriage with assets and both became full and contributing marital partners, the division should be made as equally as possible (see, *Robertson v Robertson*, 186 AD2d 124, 126; *Bisca v Bisca*, 108 AD2d 773, *appeal dismissed* 66 NY2d 741). It therefore was error for the JHO to distribute the marital property without the semblance of parity by giving plaintiff two thirds and defendant one third of the marital property.

We further find that the JHO erred in valuing the fitness center awarded to defendant at $50,000 based on fixed assets of $35,000 and the income estimates.[3] He failed to consider the equipment debt of $18,532 and monthly building expenses of $3,408, both charged against the fitness center, nor did he consider the fact that newer assets costing in excess of $15,000 were awarded defendant as separate property. Thereafter, the JHO separately awarded plaintiff one half of the equipment subject to a share of the debt but without assigning to him the value of that equipment. A more realistic value of the marital interest in the center awarded to defendant would be approximately $15,000 subject to the $9,286 of debt she was required to pay plaintiff, leaving the value of this asset awarded to her as $6,000 and a comparable share to plaintiff.

We next find that the JHO erroneously assessed defendant one half the expenses of $107,595 (erroneously shown as $111,003) on the Fishkill building incurred from January 1, 1989 to July 31, 1991, the date of his decision, and the further sum of $10,225 for August 1, 1991 to October 31, 1991, by which date the JHO ordered her to vacate the building, and additionally assessed defendant one half of the expense of the passive vacant land investment. Having found defendant's earning "capacity" to be $36,000 and plaintiff's annual income $120,000, it was error to charge defendant with expenses she could not possibly have paid during the litigation. We find it appropriate to award defendant's interest in the Fishkill business realty and two vacant land parcels to plaintiff and make a compensatory distributive award to defendant to achieve parity for those values. We further find that plaintiff's gun collection, omitted from his financial disclosure state-

---

3. In 1987, the last year the parties filed joint tax returns, the physical fitness business had only $13,145 in gross receipts. The bulk of its expenses were absorbed by the physical therapy practice. Much of the fitness center's success must be attributed to defendant's efforts after this action was commenced and her success in establishing a clientele apart from plaintiff's physical therapy practice.

ment, had a net worth of $1,500 and that value should be assigned to his distributive share.

Having reached these conclusions, we find the record sufficient to enable this Court to make an equitable distribution in the interest of judicial economy rather than to remit the case to the JHO. We accordingly distribute the marital estate and assign values as follows:

| Item Credited to: | | Plaintiff | Defendant |
|---|---|---|---|
| Marital Residence | | | $70,712 |
| Commercial Building | | $474,756 | |
| Hamilton Rd. realty (rental) | | | 71,250 |
| 5.03 Acres (vacant land) | | 500,000 | |
| 11.8 Acres (vacant land) | | 178,044 | |
| Hudson Valley Orthopedic | | 446,245 | |
| Hudson Valley Fitness Center (subject to 50% of equipment loan and division of equipment) | | | 6,000 |
| Fitness equipment award to plaintiff subject to 50% of equipment loan | | 6,000 | |
| 1971 Glastron Boat | | | 500 |
| 1985 Winner Pleasure Craft | | 3,625 | |
| 1988 Jeep | | | 17,000 |
| Ford Van (part of Hudson Valley Orthopedic) | | Plaintiff | |
| Ford Taurus (separate property) | | Plaintiff | |
| Piano (separate property) | | Plaintiff | |
| China Closet, Grandmother (separate property) | | Plaintiff | |
| VCR - Camcorder (no value given) | | Plaintiff | |
| China & Glassware (no value given) | | 50% | 50% |
| One (1) Bedroom Set (no value given) | | Plaintiff | |
| Jewelry (no value given) | | | Defendant |
| Doll Collection valued at $400 | | | 400 |
| Mink Coat value $3,000 | | 3,000 | |
| Hummel Figurines $1,000 | | | 1,000 |
| China Closet $250 | | | 250 |
| Guns $1,500 | | 1,500 | |
| Mid Hudson Acct | #60600486 | | 6,827 |
| Same | #8218088 | 165 | 165 |
| Same | #6156519 | 537 | 537 |
| Merrill Lynch | #858-78987 | | 486 |
| USAA | #39000102352 | | 4,787 |
| Mid-Hudson Acct | #616011322 | | 2,900 |

| | | | |
|---|---|---:|---:|
| Same | #676000799 | | 817 |
| Same | #616016895 | | 15,119 |
| Merrill Lynch | #858-21265 | | 51,544 |
| Mid-Hudson Cert of Deposit | | | 25,000 |
| USAA (sep prop) | #42900949732 | | Defendant |
| Reserve Fund | #191-00-698 | 25,043 | |
| Dutchess Bank | #405-3501171 | 435 | |
| Shares Mid-Hudson | | | 6,319 |
| Shares Conn Power & Light | | | 7,280 |
| Auric United Gold Coins | | 10,447 | 10,447 |
| Fidelity IRA | | 26,111 | |
| Penn Mutual Annuity | | 44,114 | |
| Fidelity IRA | | | 4,030 |
| Fidelity Magellan | | | 4,874 |
| Gold Share Fund | | | 1,499 |
| Kemper UIT & Mutual Fund | | | 8,788 |
| Pension P.T. Operation, both parties | | 16,752 | 16,752 |
| Total Value to be awarded Plaintiff | | $1,736,774 | |
| Total Value to be awarded Defendant | | | $335,283 |

We conclude that because the value of the items assigned to plaintiff exceeds that assigned to defendant by $1,401,491, she is entitled to an additional award of $700,746, less $9,286 as her share of the equipment debt assumed by plaintiff, and less $20,000 as the counsel fee we award to plaintiff, for a net addition of $671,460, to be paid by plaintiff to defendant as follows: $271,460 within six months after entry of the judgment herein, and the remaining $400,000 in annual installments of $100,000 commencing January 1, 1996. In the event plaintiff sells or disposes of any of the vacant land, the Fishkill commercial building or his physical therapy practice, 50% of his net proceeds from such sale(s), or 50% of the reasonable value of such disposition if made for less than full value, after deduction for his appropriate income tax estimates, shall be paid to defendant as accelerated payment against the balance of the award still due her. The distributive award is made without interest in favor of defendant as an offset against any income tax consequences on the equitable distribution award made to plaintiff. Defendant shall tender quitclaim deeds conveying her ownership interest in the Fishkill building and the two vacant land parcels to plaintiff, said deeds to be held in escrow by plaintiff's attorney as security for his payment of defendant's distributive award.

We make no award of separate maintenance to defendant, recognizing that the substantial liquid assets received in the equitable distribution will, if conservatively invested, provide a secure income to supplement her earnings.

We find that the issue of child support must be remitted for recomputation pursuant to Domestic Relations Law § 240. The JHO limited his computation of child support to the first $80,000 of combined parental income (see, Chasin v Chasin, 182 AD2d 862, 863) without stating the reasons for this, as required. Use of plaintiff's 1989, rather than 1990, income (see, Domestic Relations Law § 240 [1-b] [b] [5] [i]) was error, as was the omission of the personal expenses paid by his therapy practice and the omission of unreported cash income noted previously (see, Domestic Relations Law § 240 [1-b] [b] [5] [iv], [vi]). Conversely, it was error to use defendant's 1991 estimated earning capacity rather than her actual 1990 income (see, Domestic Relations Law § 240 [1-b] [b] [5] [i]) and in assigning to her full responsibility for unreimbursed health care expenses for the children (see, Domestic Relations Law § 240 [1-b] [c] [5]), as well as full responsibility for the younger son's private school education (see, Domestic Relations Law § 240 [1-b] [c] [7]). Similarly, the $9,000 charge for college expenses for the older child against plaintiff without delineation of the statutory factors was error (see, Domestic Relations Law § 240 [1-b] [c] [7]). On remittal these errors should be corrected.

Finally, we find no merit to defendant's contention that the award of $20,000 in counsel fees against her was improper. The award represents but a small portion of plaintiff's total expense and could be directly attributed to defendant's tactics (see, Schussler v Schussler, 109 AD2d 875). Defendant's remaining contentions have been considered and found to be without merit.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the judgment and order are modified, on the law and the facts, without costs, in accordance with this Court's decision; matter remitted to the Supreme Court for resolution of the issue of child support; and, as so modified, affirmed.