■ BRENDA L. MALLET, Appellant, v ROGER J. MALLET, Respondent. [667 NYS2d 826] —Mercure, J. Appeal from a judgment of the Supreme Court (Ryan, Jr., J.) ordering, inter alia, equitable distribution of the parties' marital property, entered December 20, 1996 in Clinton County, upon a decision of the court.

Conceding that her Bachelor's degree in accounting, which she obtained during her marriage to defendant, constituted marital property and raising no challenge to the valuation placed on that asset by Supreme Court, plaintiff asserts on appeal only that Supreme Court abused its discretion in awarding defendant a 10% portion thereof in connection with its equitable distribution of the parties' marital property. We agree and accordingly modify Supreme Court's judgment by reversing so much thereof as awarded defendant any part of the value of plaintiff's degree.

The undisputed trial evidence established, and Supreme Court correctly found, that defendant made essentially no positive noneconomic contribution to plaintiff's acquisition of her college degree. As noted in Supreme Court's detailed decision, defendant did not interrupt the development of a career (he had a 10th grade education and worked as a seasonal laborer),

assume a disproportionate share of the household work (he did none) or assist plaintiff in her studies. To the contrary, the record establishes that during nearly all of plaintiff's college years, she took a full course load, maintained full-time employment and was solely responsible for all household chores, including cooking, cleaning and paying the bills, despite the fact that defendant was frequently unemployed and had substantial opportunity for hobbies such as boat building and salmon fishing. In plaintiff's final year of college, when she had a 21-credit-hour course load, she reduced her employment somewhat, but still worked 25 hours per week. In view of the foregoing, we conclude that defendant's overall noneconomic contribution to plaintiff's education was negative.

As for defendant's purported economic contribution to plaintiff's education, which appears to have been the basis for Supreme Court's award, the record establishes that the parties expended a total of $4,690 in joint funds toward plaintiff's education during a period when plaintiff personally earned in excess of $50,000. We therefore conclude that defendant "failed to show that [he] had made a substantial contribution" (*Duspiva v Duspiva*, 181 AD2d 810, 811, *lv denied* 80 NY2d 752) to plaintiff's attainment of her degree, which was earned solely through her own ability and herculean effort, and that none of the equitable distribution factors (*see*, Domestic Relations Law § 236 [B] [5] [d] [1]-[13]) supported Supreme Court's award of a portion of that asset to defendant (*see*, *Small v Small*, 227 AD2d 949; *Daisernia v Daisernia*, 188 AD2d 944; *Duspiva v Duspiva*, *supra*, at 811; *compare*, *Bugliari v Bugliari*, 169 AD2d 697).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law and the facts, with costs to plaintiff, by reversing so much thereof as awarded defendant $14,719.57 as his equitable share of plaintiff's Bachelor's degree; matter remitted to the Supreme Court for a determination as to the time and manner of defendant's payment of said sum to plaintiff; and, as so modified, affirmed.