■ MARIE ANGOT, Respondent, v CLAUDE ANGOT, Appellant. [710 NYS2d 105] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Dutchess County (La Cava, J.), entered May 5, 1999, which, *inter alia*, directed him to pay monthly maintenance to the plaintiff, awarded an attorney's fee to the plaintiff, and determined that the marital residence was marital property.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Upon consideration of the relevant factors (*see,* Domestic Relations Law § 236 [B] [6]), we discern no impropriety in the award of maintenance to the plaintiff, either in amount or duration (*see, Frankel v Frankel,* 266 AD2d 186; *Galakis v Galakis,* 260 AD2d 431; *Ferraro v Ferraro,* 257 AD2d 596).

There is no merit to the defendant's contention that the Supreme Court erred in classifying the parties' marital residence as marital property. Although title to the property was transferred during the course of the marriage to the defendant only, this is not determinative of the issue of whether the property is separate or marital in nature (see, Domestic Relations Law § 236 [B] [1] [c]). Under these circumstances, it cannot be said that the Supreme Court erred in resolving what was essentially a credibility issue in the plaintiff's favor (see, Sorrell v Sorrell, 233 AD2d 387; Seidman v Seidman, 226 AD2d 1011).

The Supreme Court properly declined to credit the defendant for his personal property which was allegedly missing from the marital residence and for damage caused to the marital residence during the plaintiff's period of exclusive use and occupancy. There was insufficient evidence to determine whether the alleged missing property was converted, discarded, or otherwise improperly disposed of by the plaintiff, and there was insufficient evidence to support a determination that any damage to the house was caused by the plaintiff's poor judgment, or unwillingness or inability to manage (see, Lenczycki v Lenczycki, 152 AD2d 621, 624; Strang v Strang, 222 AD2d 975, 977), as opposed to ordinary wear and tear.

The Supreme Court providently exercised its discretion in awarding counsel fees to the plaintiff (see, Domestic Relations Law § 237 [a]; Morrissey v Morrissey, 259 AD2d 472; Tayar v Tayar, 250 AD2d 757; Suydam v Suydam, 203 AD2d 806, 811; cf., Hewitt v Hewitt, 266 AD2d 433). Bracken, J. P., Joy, McGinity and Feuerstein, JJ., concur.