■ Frederick L. Brough, III, Appellant-Respondent, v Judith Brough, Respondent-Appellant. [727 NYS2d 555] —Lahtinen, J. Cross appeals from a judgment of the Supreme Court (Fromer, J.H.O.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered April 17, 2000 in Ulster County, upon a decision of the court.

The parties were married in September 1976, while both were in the military. They have two daughters, Jamie (born in 1978) and Lucy (born in 1984). Plaintiff eventually became employed as a correction officer with the Department of Correctional Services and defendant obtained her undergraduate and Master's degrees (hereinafter her teaching degree) and permanent teaching certification (hereinafter her license) during the course of the marriage and has been a full-time teacher since 1987. This action for divorce was commenced in October 1998 and was tried by the court in September 1999. During the trial the parties entered into stipulations resolving all issues except the valuation and equitable distribution of the marital residence, the valuation and equitable distribution of defendant's teaching degree and license and the respective responsibility of each party for the payment of college expenses for their oldest child.

Following trial on the remaining issues, Supreme Court ordered equitable distribution of the marital residence and denied equitable distribution of defendant's teaching degree

and license. The court did not address the issue of payment of college expenses for their oldest daughter. The court signed findings of fact and conclusions of law and the judgment of divorce on April 7, 2000. Each party timely filed a notice of appeal from the judgment.[1]

On appeal, plaintiff argues that he is entitled to a distributive share of defendant's enhanced earnings resulting from defendant's teaching degree and license, while defendant claims that plaintiff should be required to pay one half of the college expenses incurred for their older daughter prior to her 21st birthday.

Defendant concedes that her teaching degree and license are marital property (see, Domestic Relations Law § 236 [B] [1] [c]; O'Brien v O'Brien, 66 NY2d 576; Lapham v Ruflin, 241 AD2d 969, 970; Di Caprio v Di Caprio, 162 AD2d 944, 945, lv denied 77 NY2d 802), which requires that they "be distributed equitably between the parties" (Domestic Relations Law § 236 [B] [5] [c]). Since actual distribution of this type of marital asset would prove impractical, courts have fashioned distributive awards in such cases, consisting of the value of the enhanced earning capacity the asset affords the titled spouse (see, Morales v Morales, 230 AD2d 895, 896, lv denied 90 NY2d 804; see generally, O'Brien v O'Brien, supra; McGowan v McGowan, 142 AD2d 355). However, there is no requirement that marital assets be divided equally (see, Arvantides v Arvantides, 64 NY2d 1033, 1034), but some semblance of parity must be achieved (see, Suydam v Suydam, 203 AD2d 806, 808, lv dismissed 84 NY2d 923). We note that it is also incumbent upon the nontitled party seeking a distributive share of such assets to demonstrate that they made a substantial contribution to the titled party's acquisition of that marital asset (see, Duspiva v Duspiva, 181 AD2d 810, 811, lv denied 80 NY2d 752; see also, Mallet v Mallet, 246 AD2d 904, 905, lv dismissed 91 NY2d 1002). In determining whether the nontitled spouse made a substantial contribution, our review is not limited to the nontitled spouse's direct financial contributions to the acquisition of the assets, but must include all forms of contribution to "the eco-

1. In May 2000, defendant moved to amend the findings of fact and conclusions of law to state that the parties had equal incomes at the time that they were married, have equal incomes and benefits now and that it would be inequitable to give plaintiff a distributive award of any portion of defendant's teaching license and Master's degree. By decision dated June 19, 2000, Supreme Court granted the motion and amended Paragraph Fifth of the April 7, 2000 findings of fact and conclusions of law as requested by defendant. No signed amended findings of fact and conclusions of law, amended judgment or a notice of appeal therefrom is found in the record.

nomic partnership that characterizes" a marriage (*McSparron v McSparron*, 87 NY2d 275, 281; *see, Phelps v Phelps*, 199 AD2d 608, 609). Our review of the record leads us to conclude that plaintiff made such a showing.

During this long-term marriage of over 20 years, both parties worked at a variety of jobs, becoming "full and contributing marital partners" (*Suydam v Suydam, supra*, at 808), except for the period from 1983 to 1986 when defendant became a full-time student and obtained her undergraduate degree. While teaching full time, she thereafter obtained her Master's degree in August 1990. During those entire periods, however, plaintiff worked full time on the third shift as a correction officer, was in the National Guard and operated a landscaping business, providing income for the family which then included their two daughters. Defendant agreed that plaintiff assisted with child care during her schooling as plaintiff had testified. Plaintiff also testified that he assisted defendant with her studies, purchased a computer for her schoolwork, took care of the household and was able to do this because, by working the midnight shift, he was often able to get sleep at work. He further testified that a portion of the cost of defendant's schooling was paid for by their savings and his income. Defendant disputed plaintiff's claimed monetary contributions to her education, providing proof that her military benefit provided $7,225 more than the total cost of her undergraduate tuition over that period (1983 to 1986).

It is clear from the proof that for the period of the marriage that defendant withdrew from the labor force to attend school full time, plaintiff provided the necessary monetary support to sustain the family unit from the income from his employment. In addition, defendant concedes that plaintiff made other nonmonetary contributions, however modest, which enabled her to attain her goal of earning a permanent teaching certificate.

An equitable distribution determination involves consideration of the respective financial conditions of the parties, the circumstances of the case and the factors enumerated in Domestic Relations Law § 236 (B) (5) (d) (*see, Carlson-Subik v Subik*, 257 AD2d 859, 862). Many of those statutory factors are addressed in our discussion relating to plaintiff's entitlement to a distributive award of defendant's enhanced earnings. We also note that the parties' stipulation equitably distributed their respective pensions in accordance with the formula set forth in *Majauskas v Majauskas* (61 NY2d 481) and there was no disagreement regarding plaintiff receiving the marital resi-

dence upon payment to defendant of her share of the equity therein. The parties had relatively similar incomes at the time of the divorce, there was no award of maintenance, and no proof of any dissipation or transfer of any significant asset is found in the record. These additional factors provide further support for our conclusion that plaintiff is entitled to a distributive award based on defendant's enhanced earnings (*see, e.g., Di Caprio v Di Caprio*, 162 AD2d 944, *supra*; *McGowan v McGowan*, 142 AD2d 355, *supra*).

In determining the amount of plaintiff's distributive award, we first note that while plaintiff's modest contributions to defendant's realization of her teaching license entitle him, under our law (*see, e.g., O'Brien v O'Brien*, 66 NY2d 576, *supra*), to share in the benefits of same, defendant's accomplishments cannot be minimized and the record amply demonstrates that her degrees and license were obtained "through her own ability and herculean effort" (*Mallet v Mallet*, 246 AD2d 904, 905, *supra*), "as well as [her] own capacity for hard work" (*Gandhi v Gandhi*, 283 AD2d 782, 785). Accordingly, under the circumstances presented, we find that plaintiff is entitled to a distributive award of 10% of the enhanced earnings attributable to defendant as a result of her advanced degree and permanent teaching certification.

With regard to the proof of valuation of defendant's enhanced earnings, we accept plaintiff's expert's opinion reflected in his written report received in evidence and bolstered by his trial testimony. Plaintiff's expert opinion, that the value of defendant's enhanced earnings was $333,000, was based on a thorough analysis of the valuation principles approved by our courts (*see, e.g., O'Brien v O'Brien*, *supra*; *McGowan v McGowan*, *supra*). Applying plaintiff's percentage share of these enhanced earnings to that figure results in a distributive award of $33,300 payable by defendant to plaintiff, which may be offset, in part, by plaintiff's obligation for defendant's share of the equity in the marital residence resulting from Supreme Court's unchallenged equitable distribution of that marital asset.

Turning to defendant's next argument, we agree that plaintiff should be directed to reimburse her for one half of the college expenses for their older daughter incurred prior to that child attaining 21. Neither the parties' stipulations nor Supreme Court's judgment or findings addressed this issue, although the issue of child support was raised in the pleadings and the college expenses at issue were the subject of proof at trial.

Generally, in the absence of a voluntary agreement between

parties to provide for a child's college education, a parent may be required to make payments for a child's college education if special circumstances are found to exist (*see*, Domestic Relations Law § 240 [1-b] [c] [7]; *Matter of Krouner v Urbach*, 267 AD2d 575, 576; *Matter of Ragazzo v Murray*, 175 AD2d 247, 248). Special circumstances involve an assessment of the educational background of the parents, the child's academic ability and the payor's financial ability to pay (*see*, *Romansoff v Romansoff*, 167 AD2d 527, 527). Even absent special circumstances, under Domestic Relations Law § 240 (1-b) (c) (7), a parent may be directed to make college contributions for his or her child in the exercise of the court's discretion, considering all the circumstances and as the best interest of the child and justice require (*see*, *Matter of Haessly v Haessly*, 203 AD2d 700, 701; *Matter of Manno v Manno*, 196 AD2d 488, 491).

In the course of plaintiff's testimony, he agreed that Jamie should go to college and that she has completed two years of undergraduate study. The record also reveals that the parties had relatively equal W-2 incomes for 1997, the last year for which proof was received, plaintiff's income amounting to $47,588.02 and defendant's totaling $44,297.20. While the record does not contain a statement of net worth (*see*, Domestic Relations Law § 236 [B] [4] [a]) outlining plaintiff's expenses,[2] there was no proof that he incurred or was paying any extraordinary expenses at the time of trial. Moreover, defendant does not seek ongoing payments from plaintiff, only payment of plaintiff's share of a fixed debt for documented parent loans of $20,624 incurred for Jamie's fixed college expenses while she was under 21 years of age.

Given the circumstances of the parties, we find special circumstances exist and, in the exercise of our discretion, direct that plaintiff reimburse defendant $10,312 as payment of one half of the college loans incurred by defendant for their daughter Jamie's college education.

Mercure, J. P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by directing defendant to pay plaintiff $33,300 as a distributive award for plaintiff's share of defendant's advanced degree and permanent teaching certification and by directing plaintiff to pay defendant $10,312 as payment of his share of the college expenses of the parties' daughter, and, as so modified, affirmed.

---

2. There is no statement of net worth from either party in the record.