■ ESTHER CABECHE, Respondent, v JACQUES CABECHE, Appellant. [780 NYS2d 909]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Stack, J.), entered April 17, 2003, as, after a nonjury trial, and upon a decision of the same court dated December 11, 2002, granted the plaintiff exclusive use and occupancy of the marital residence until the parties' youngest child graduates from high school, failed to apportion certain credit card debt to the wife, and failed to award an equitable share of the plaintiff's enhanced earnings capacity as a result of having obtained her license as a registered nurse during the marriage.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed a premature notice of appeal from the judgment (see CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Under the circumstances of this case, the trial court properly awarded the plaintiff exclusive use and occupancy of the marital residence until the parties' youngest child graduates from high school (see Goldblum v Goldblum, 301 AD2d 567 [2003]; Mazzone v Mazzone, 290 AD2d 495 [2002]; Waldmann v Waldmann, 231 AD2d 710 [1996]; Leabo v Leabo, 203 AD2d 254 [1994]). In addition, the trial court correctly refused to apportion certain credit card debt as marital debt since the defendant failed to present sufficient evidence that such debt should be treated as marital debt (see Christmann v Christmann, 294 AD2d 527, 528 [2002]; Lopez v Saldana, 309 AD2d 655 [2003]). Moreover, the Supreme Court properly concluded that the defendant's contribution to assist the plaintiff in obtaining a license as a registered nurse during the course of the marriage was de minimis and did not entitle him to an equitable share of the plaintiff's enhanced earning capacity as a result of that license (see Sutka v Sutka, 299 AD2d 540 [2002]; Brough v Brough, 285 AD2d 913 [2001]). Ritter, J.P., Altman, Mastro and Skelos, JJ., concur.