■ Thomas J. Spreitzer, Respondent, v Barbara Spreitzer, Appellant. [837 NYS2d 658]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Orange County (Slobod, J.), dated January 26, 2006, as, upon a decision of the same court dated November 9, 2005, made after a nonjury trial, imputed an income of $78,000 to her for the purpose of computing child support, awarded the plaintiff the sum of $26,000, representing 20% of her enhanced earnings capacity as a result of having obtained her license as a nurse practitioner during the marriage, in effect, denied her request for an award of maintenance, awarded the plaintiff final decision-making authority with respect to the children's health, education, and welfare, awarded her an attorney's fee in the sum of only $12,600, and directed both parties to maintain medical coverage for the children.

Ordered that the appeal from so much of the judgment as awarded the plaintiff final decision-making authority as to the children's health, education, and welfare, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed insofar as reviewed, without costs or disbursements.

The parties were married on September 25, 1982. The defendant, who was a registered nurse, graduated from Pace University in 1994, and acquired a Masters of Science degree and a nurse practitioner license. She has held a part-time position as a nurse practitioner in a private medical office since 1998.

Trial courts are granted substantial discretion in determining the extent to which the distribution of marital property, including enhanced earnings attributable to a professional license, will be equitable (see Holterman v Holterman, 3 NY3d 1, 8 [2004]; Sebag v Sebag, 294 AD2d 560 [2002]). At bar, the trial court properly calculated the enhanced earning capacity conferred by the defendant's degree and license by comparing the expected lifetime earnings of a registered nurse with the expected lifetime earnings of a licensed nurse practitioner, and reducing this sum to its present value (see Duspiva v Duspiva, 181 AD2d 810 [1992]; McGowan v McGowan, 142 AD2d 355, 359 [1988]). Although the defendant had already embarked on her career and acquired a history of actual earnings (see Grunfeld v Grunfeld, 94 NY2d 696, 702 [2000]; McSparron v McSparron, 87 NY2d 275, 286 [1995]), the court providently exercised its discretion in rejecting her testimony that she was unable to secure full-time employment (see Thoma v Thoma, 21 AD3d 1080 [2005]; Ferraro v Ferraro, 257 AD2d 596, 598 [1999]).

The trial court properly awarded the plaintiff 20% of the value of the degree and license constituting the enhanced earning capacity achieved by the defendant during the marriage, based upon his substantial economic as well as noneconomic contributions to the attainment of that enhanced earning capacity (see O'Brien v O'Brien, 66 NY2d 576, 584 [1985]; Martinson v Martinson, 32 AD3d 1276, 1277 [2006]; Carman v Carman, 22 AD3d 1004, 1006 [2005]; Miklos v Miklos, 9 AD3d 397, 399 [2004]; Lipsky v Lipsky, 276 AD2d 753 [2000]).

The defendant's contention that the trial court erroneously imputed income to her for the purpose of calculating her child support obligation is without merit. In determining a party's child support obligation, "a court need not rely upon the party's. . . account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential" (DeVries v DeVries, 35 AD3d 794, 795 [2006], quoting Rocanello v Rocanello, 254 AD2d 269 [1998]; see Fruchter v Fruchter, 29 AD3d 942 [2006]). Here, the court properly imputed an annual income to the defendant since the evidence at trial demonstrated that she was capable of earning $78,000 a year based on her degree, her nurse practitioner license, the facts adduced at trial, and the testimony of the expert who valued her degree and license (see Chi-Yuan Hwang v Hwang, 308 AD2d 560, 561 [2003]; Walker v Walker, 289 AD2d 225, 226 [2001]). Given its opportunity to assess witness credibility, the court did not err in imputing that amount to the defendant (see Moffre v Moffre, 29 AD3d 1149, 1151 [2006]; Bernstein v Bernstein, 18 AD3d 683, 684 [2005]). The record supports the determination of the court that the defendant's earning potential exceeds her actual income reported on her 2004 income tax return.

The application of the statutory percentage of the Child Support Standards Act to combined parental income imputed to be more than $80,000 was a proper exercise of the court's discretion (see Domestic Relations Law § 240 [1-b] [c] [2]; Nebons v Nebons, 26 AD3d 478 [2006]).

The issues raised by the defendant on this appeal regarding the provision of the judgment awarding the plaintiff final decision-making authority with respect to the children's health, education, and welfare have been rendered academic (see Matter of Unborn Baby B., 158 AD2d 455, 456 [1990]). A subsequent order of the Family Court, Orange County, entered on consent, expressly recites that upon disagreement, decisions concerning the children shall rest with the plaintiff.

The defendant's remaining contentions are without merit.

Motion by the appellant on an appeal from a judgment of the Supreme Court, Orange County, dated January 26, 2006, inter alia, to strike from the original papers filed with the Clerk of this Court a proposed order of the Family Court, Orange County, concerning custody and visitation. Cross motion by the respondent, inter alia, to strike point IV of the appellant's main brief and point III of the reply brief, on the ground that they raise issues that have been rendered academic. By decision and order on motion of this Court dated December 6, 2006, those branches of the motion and cross motion were referred to the panel of Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion and the cross motion, the papers filed in opposition thereto, and the argument of the appeal, it is

Ordered that the branch of the motion which is to strike from the original papers filed with the Clerk of this Court a proposed order of the Family Court, Orange County, concerning custody and visitation is denied; and it is further,

Ordered that the branch of the cross motion which is to strike point IV of the appellant's main brief and point III of the reply brief on the ground that they raise issues that have been rendered academic is denied as academic in light of the determination of the appeal (*see Spreitzer v Spreitzer*, 40 AD3d 840 [2007] [decided herewith]). Miller, J.P., Angiolillo, Carni and Dickerson, JJ., concur.