■ DAWN HIGGINS, Appellant, v DAVIS HIGGINS, Respondent. [857 NYS2d 170]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from (1) stated portions of a judgment of divorce of the Supreme Court, Orange County (Horowitz, J.), dated July 28, 2006, which, after a nonjury trial, inter alia, awarded the defendant 30% of her enhanced earnings, and failed to direct the sale of the marital residence, and (2) stated portions of findings of facts and conclusions of law of the same court also dated July 28, 2006.

Ordered that the appeal from the findings of fact and conclusions of law is dismissed, as findings of fact and conclusions of law are not separately appealable (*see Matter of County of Westchester v O'Neill,* 191 AD2d 556 [1993]); and it is further,

Ordered that the judgment is modified, on the law, the facts, and in the exercise of discretion, by deleting the provisions thereof (1) awarding the defendant a 30% credit for his equitable share of the plaintiff's enhanced earnings resulting from

her Bachelor's degree and Master's degree valued at $306,000 as credited against the plaintiff's share of the marital residence, (2) awarding the defendant a credit for one half of the payments he made on a loan against his Ford Motor Company Savings Plan, (3) awarding the defendant a credit for payments of the mortgage, taxes, homeowner's insurance, and other expenses connected with the marital residence, (4) awarding the plaintiff child support, (5) fixing child support arrears, and (6) awarding the plaintiff child care expenses; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for a determination of the husband's income, and a recalculation of child care expenses, child support, and child support arrears, taking into account any credit due for amounts paid by the husband pursuant to the pendente lite order.

Although the enhanced earnings from academic degrees and professional licenses attained during the marriage are subject to equitable distribution, "it is . . . incumbent upon the nontitled party seeking a distributive share of such assets to demonstrate that they made a substantial contribution to the titled party's acquisition of that marital asset" (*Brough v Brough*, 285 AD2d 913, 914 [2001]). Moreover, "[w]here only modest contributions are made by the nontitled spouse toward the other spouse's attainment of a degree or professional license, and the attainment is more directly the result of the titled spouse's own ability, tenacity, perseverance and hard work, it is appropriate for courts to limit the distributed amount of that enhanced earning capacity" (*Farrell v Cleary-Farrell*, 306 AD2d 597, 599-600 [2003]; *see Vora v Vora*, 268 AD2d 470, 471 [2000]).

In the instant matter, the defendant did not demonstrate that his contributions were substantial. Despite making some efforts to help, there is no evidence that he made career sacrifices or assumed a disproportionate share of household work as a consequence of the plaintiff's education. In this regard, the record reveals that the defendant made only minor contributions. Moreover, the plaintiff worked full time while attending school, funded some of her own educational costs, and was still the primary caregiver for the parties' children. Consequently, the trial court improvidently exercised its discretion in awarding the defendant a share of the plaintiff's enhanced earning capacity (*see Duspiva v Duspiva*, 181 AD2d 810, 811 [1992]).

The Supreme Court improperly credited the defendant for one half of the payments he allegedly made towards the loan against his Ford Motor Company Savings Plan. Although the loan was a marital debt, the court improperly credited the de-

fendant for his payments after the commencement of the action as he did not present documentary evidence in support of the claim (*see Dermigny v Dermigny*, 23 AD3d 429, 431 [2005]; *Phillips v Phillips*, 249 AD2d 527, 528 [1998]).

With respect to child support, the Supreme Court should not have determined the defendant's obligations by relying upon his posttrial affidavit alleging a change in circumstances and that his earnings for child support purposes should be based on a lower income of approximately $500 per week. The consideration of that material, posttrial, prejudiced the plaintiff (*cf. Man Choi Chiu v Chiu*, 38 AD3d 619 [2007]). Nor should the court have directed counsel for the parties to resolve the issue of the accuracy and authenticity of receipts for child care expenses.

Pursuant to Domestic Relations Law § 236 (B) (6) (a) and (7) (a), an order of maintenance or child support is effective "as of the date of the application therefor," and the court may order child support, taking into account any amounts of temporary child support which have been paid (*see Burns v Burns*, 84 NY2d 369, 377 [1994]; *Ferraro v Ferraro*, 257 AD2d 598, 599 [1999]; *Verdrager v Verdrager*, 230 AD2d 786 [1996]). A credit should be awarded to the paying spouse for any amount of temporary child support already paid (*see* Domestic Relations Law § 236 [B] [6] [a]; [7] [a]; *Schiffer v Schiffer*, 21 AD3d 889, 890 [2005]). Accordingly, the child support award must be recalculated retroactive to May 3, 2004, the filing date of the summons with notice, taking into account any credit due for amounts paid by the defendant pursuant to a pendente lite order.

The defendant also should not have been credited for his payments of the carrying costs of the marital residence, as they were not shelter costs for the children. Traditionally, "[s]helter costs, like food and clothing, inhere in the basic child support obligation [and,] [t]hus, the statute does not contemplate the cost of providing the child's shelter as an extraordinary expense to be added to the support obligation" (*Lenigan v Lenigan*, 159 AD2d 108, 112 [1990]; *see also Damon v Damon*, 34 AD3d 416, 417 [2006]). However, this determination is based upon the prohibition against a double shelter allowance (*see Sicurelli v Sicurelli*, 285 AD2d 541, 542 [2001]; *Chasin v Chasin*, 182 AD2d 862, 863 [1992]). Here, where the defendant's payment of the carrying costs on the marital residence is not for the benefit of the children, as they live in their grandparents' home with the mother and not in the marital residence, it would not be unjust or a double shelter allowance to require him to pay both child support and the carrying costs of the marital residence in which he resides (*see Koczaja v Koczaja*, 195 AD2d 693, 695 [1993]).

The plaintiff's remaining contentions are without merit. Spolzino, J.P., Florio, Angiolillo and Dickerson, JJ., concur.