■ CHERYL SCHWARTZ, Appellant, v MARTIN SCHWARTZ, Respondent. [890 NYS2d 71]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Driscoll, J.), entered March 7, 2008, as, upon a decision of the same court (Stack, J.) dated October 24, 2007, made after a nonjury trial, awarded her only 10% of the value of the defendant's enhanced earning capacity, awarded her only 50% in the net proceeds of the sale of the marital residence, directed the parties to sell the personal property contained in the marital residence and to share equally in the proceeds in the event that they were unable to come to an agreement upon a division of the property, and directed that she be solely responsible for all the expenses of the marital residence from April 1, 2008, until the date the marital residence was sold.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

A trial court is vested with broad discretion in making an equitable distribution of marital property, and "unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (*Saleh v Saleh*, 40 AD3d 617, 617-618 [2007]; *see Michaelessi v Michaelessi*, 59 AD3d 688, 689 [2009]; *Tarone v Tarone*, 59 AD3d 434, 435 [2009]; *Sebag v Sebag*, 294 AD2d 560 [2002]). Moreover, where, as here, the determination as to equitable distribution has been made after a nonjury trial, the evaluation of the credibility of the witness and the proffered items of evidence is committed to the sound discretion of the trial court (*see Ivani v Ivani*, 303 AD2d 639, 640 [2003]; *L'Esperance v L'Esperance*, 243 AD2d 446, 447 [1997]), and its assessment of the credibility of witnesses and evidence is afforded great weight on appeal (*see*

*Jones-Bertrand v Bertrand,* 59 AD3d 391 [2009]; *Grasso v Grasso,* 47 AD3d 762, 764 [2008]).

Upon this record, it was not an improvident exercise of discretion for the Supreme Court to award the plaintiff only 10% of the value of the enhanced earning capacity achieved by the defendant through the securities licenses he obtained during the marriage. While the enhanced earnings from degrees and professional licenses attained during the marriage are subject to equitable distribution (*see O'Brien v O'Brien,* 66 NY2d 576 [1985]), " 'it is . . . incumbent upon the nontitled party seeking a distributive share of such assets to demonstrate that [he or she] made a substantial contribution to the titled party's acquisition of that marital asset' " (*Higgins v Higgins,* 50 AD3d 852, 853 [2008], quoting *Brough v Brough,* 285 AD2d 913, 914 [2001]). Moreover, "[w]here only modest contributions are made by the nontitled spouse toward the other spouse's attainment of a degree or professional license, and the attainment is more directly the result of the titled spouse's own ability, tenacity, perseverance and hard work, it is appropriate for courts to limit the distributed amount of that enhanced earning capacity" (*Higgins v Higgins,* 50 AD3d at 853; *see Farrell v Cleary-Farrell,* 306 AD2d 597, 599-600 [2003]). Such was the case here.

Moreover, the record supports the Supreme Court's determination to award each party a 50% share in the net proceeds from the sale of the marital residence. "Property acquired during the marriage is presumed to be marital property" (*Steinberg v Steinberg,* 59 AD3d 702, 704 [2009]; *see Embury v Embury,* 49 AD3d 802, 804 [2008]; *Massimi v Massimi,* 35 AD3d 400, 402 [2006]), and Domestic Relations Law § 236 (B) (1) (c) defines marital property as "all property acquired by either or both spouses during the marriage and before . . . the commencement of a matrimonial action, regardless of the form in which title is held." Although title to the marital residence was held by the parties as tenants in common with a 75% interest to the plaintiff and a 25% interest to the defendant, this was not dispositive of the issue (*see Angot v Angot,* 273 AD2d 423, 424 [2000]; *Sorrell v Sorrell,* 233 AD2d 387 [1996]; *Seidman v Seidman,* 226 AD2d 1011, 1012 [1996]), particularly since the plaintiff testified that the title was held in this fashion in an attempt to shield it from the defendant's gambling debts. Moreover, the plaintiff failed to demonstrate that the deed to the marital residence constituted a valid, enforceable postnuptial agreement on the division of the marital residence (*see O'Malley v O'Malley,* 41 AD3d 449 [2007]). In addition, she failed to demonstrate that her father's monetary contributions to the parties

during the course of the marriage were anything other than gifts.

Similar considerations lead to the conclusion that the Supreme Court providently exercised its discretion in dividing the personal property located within the marital residence equally between the parties. Although "there is no requirement that the distribution of each item of marital property be made on an equal basis" (*Chalif v Chalif,* 298 AD2d 348, 349 [2002]), where both parties have made significant contributions during a marriage of long duration, a division of marital assets should be made as equal as possible (*see Steinberg v Steinberg,* 59 AD3d at 703; *Griggs v Griggs,* 44 AD3d 710, 713 [2007]; *Adjmi v Adjmi,* 8 AD3d 411, 412 [2004]).

Finally, it was not an improvident exercise of discretion for the Supreme Court to direct the plaintiff to pay all of the expenses of the marital residence from April 1, 2008, until the date it was sold. Dillon, J.P., Florio, Balkin and Leventhal, JJ., concur.