■ DONNA M. HASPEL, Appellant-Respondent, v BERTHOLD R. HASPEL, Respondent-Appellant. [911 NYS2d 408]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Putnam County (O'Rourke, J.), dated January 20, 2009, which, upon a decision of the same court dated August 17, 2007, made after a nonjury trial, inter alia, awarded her the sum of only $37,500 as her share of the defendant's enhanced earnings due to his attainment of certain professional licenses, awarded her maintenance in the sum of only $2,500 per month for a period of 15 years or until the defendant retires or reaches the age of 65 or she remarries, and failed to award her an attorney's fee, and the defendant cross-appeals, as limited by his brief, from stated portions of the same judgment which, among other things, awarded the plaintiff the sum of $37,500 as her share of his enhanced earnings due to his attainment of certain professional licenses and awarded the plaintiff maintenance in the sum of $2,500 per month for a period of 15 years or until he retires or reaches the age of 65 or she remarries.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting so much of the third decretal paragraph thereof as reduced the defendant's imputed salary by the amount of his enhanced earnings that was awarded to the plaintiff, in the amount of $37,500, or 50% of the defendant's annual enhanced earnings, resulting in a net income attributed to the defendant of $142,500, and a net income attributed to both parties of $162,500, and substituting therefor a provision reducing the defendant's imputed salary by $18,750, or 25% of the defendant's annual enhanced earnings, resulting in a net income attributed to the defendant of $161,250, and a net income attributed to both parties of $181,250, (2) by deleting so much of the fifth decretal paragraph thereof as awarded the plaintiff a credit in the sum of $37,500 for her share of the defendant's enhanced earnings, which constituted 50% of the defendant's enhanced earnings for one year

and substituting therefor a provision awarding the plaintiff a credit in the sum of $121,000 for her share of the defendant's enhanced earnings, which constitute 25% of the net present value of the defendant's after-tax enhanced earning capacity, and (3) by deleting the seventh decretal paragraph thereof awarding the plaintiff maintenance in the sum of $2,500 per month for a period of 15 years or until the defendant retires or reaches 65 years of age or the plaintiff remarries; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Putnam County, for recalculation of the awards to the plaintiff of her share of the defendant's enhanced earnings and maintenance in accordance herewith, and for a hearing and determination of an appropriate award of an attorney's fee, and the entry of an appropriate amended judgment thereafter; and it is further,

Ordered that, pending recalculation and the entry of an amended judgment, the defendant is to continue to pay the plaintiff maintenance in the sum of $2,500 per month, with any overpayment to be credited against future payments after entry of the amended judgment.

The plaintiff former wife and the defendant former husband were married on May 16, 1982. There are two children of the marriage. During the course of the marriage, the defendant obtained various professional licenses, including, inter alia, several securities dealer's licenses and a real estate broker's license. The defendant left the marital residence on January 29, 2005. In March 2005 the plaintiff commenced this action for a divorce and ancillary relief. At the time of trial, the plaintiff was 52 years old and the defendant was 49 years old. The plaintiff sought, among other things, an equitable share of the defendant's enhanced income due to his attainment of those professional licenses, and awards of maintenance and an attorney's fee.

The Supreme Court determined that the plaintiff was entitled to a 50% share of the defendant's enhanced earnings. The Supreme Court accepted the conclusion of the plaintiff's expert that the defendant's enhanced earnings were $75,000 per year. The Supreme Court then awarded the plaintiff the sum of $37,500, representing her 50% share. For purposes of determining child support and maintenance, the Supreme Court imputed an income of $180,000 to the defendant. The Supreme Court then reduced the defendant's imputed income by the $37,500 enhanced earning award, leaving $142,500 as the defendant's net income. The Supreme Court then awarded the plaintiff the

sum of $2,500 in maintenance per month. In its decision, the Supreme Court explained that it intended to deny the plaintiff's application for an award of an attorney's fee, but, in the judgment appealed from, the Supreme Court did not expressly address that issue. The plaintiff appeals and the defendant cross-appeals from the judgment of divorce dated January 20, 2009. We modify.

Enhanced earnings from degrees and professional licenses attained during a marriage are subject to equitable distribution (*see O'Brien v O'Brien*, 66 NY2d 576 [1985]). "An academic degree may constitute a marital asset subject to equitable distribution, even though the degree may not necessarily confer the legal right to engage in a particular profession" (*Judge v Judge*, 48 AD3d 424, 425 [2008]). " '[I]t is . . . incumbent upon the nontitled party seeking a distributive share of such assets to demonstrate that [he or she] made a substantial contribution to the titled party's acquisition of that marital asset' " (*Higgins v Higgins*, 50 AD3d 852, 853 [2008], quoting *Brough v Brough*, 285 AD2d 913, 914 [2001]). Moreover, " '[w]here only modest contributions are made by the nontitled spouse toward the other spouse's attainment of a degree or professional license, and the attainment is more directly the result of the titled spouse's own ability, tenacity, perseverance and hard work, it is appropriate for courts to limit the distributed amount of that enhanced earning capacity' " (*Higgins v Higgins*, 50 AD3d at 853, quoting *Farrell v Cleary-Farrell*, 306 AD2d 597, 599 [2003]).

Here, the Supreme Court did not improvidently exercise its discretion in concluding that the defendant's licenses resulted in an enhanced earning capacity (*see Schwartz v Schwartz*, 67 AD3d 989, 991 [2009]). The Supreme Court also did not improvidently exercise its discretion in determining that the plaintiff was entitled to an equitable share of the defendant's enhanced earning capacity (*see Schwartz v Schwartz*, 67 AD3d at 991; *cf. Cabeche v Cabeche*, 10 AD3d 441 [2004]; *Mallet v Mallet*, 246 AD2d 904 [1998]). However, the record does not support an award to the plaintiff of 50% of the defendant's enhanced earning capacity. Rather, in light of all of the relevant facts and considerations, an award to the plaintiff of 25% of the defendant's enhanced earning capacity is equitable (*see Schwartz v Schwartz*, 67 AD3d at 991; *Judge v Judge*, 48 AD3d at 425; *Farrell v Cleary-Farrell*, 306 AD2d at 599-600; *Corasanti v Corasanti*, 296 AD2d 831 [2002]; *Barbuto v Barbuto*, 286 AD2d 741, 743 [2001]; *Vora v Vora*, 268 AD2d 470, 471 [2000]; *Morrongiello v Paulsen*, 195 AD2d 594, 596 [1993]; *cf. Krigsman v Krigsman*, 288 AD2d 189, 190 [2001]; *Lipsky v Lipsky*, 276

AD2d 753 [2000]; *Vainchenker v Vainchenker*, 242 AD2d 620 [1997]).

Although the plaintiff is only entitled to 25% of the defendant's enhanced earning capacity, the plaintiff correctly contends that the Supreme Court improperly calculated the total amount of the defendant's enhanced earning capacity from which her share derives. The plaintiff's expert, as credited by the Supreme Court, calculated that the defendant, in obtaining his various professional licenses, enhanced his earnings by the sum of $75,000 per year. In awarding the plaintiff a share of the defendant's enhanced earning capacity, the Supreme Court used this $75,000 sum as the total enhanced earning capacity from which the plaintiff's share would derive. Instead, the Supreme Court should have determined the value of the defendant's enhanced earning capacity over the 15-year period preceding his attainment of the age of 65. According to the expert evidence at trial, such sum would equal $1,125,000, or $75,000 multiplied by 15 years. The Supreme Court should thereafter have reduced this $1,125,000 sum to its net present value after taxes (*see O'Brien v O'Brien*, 66 NY2d at 588; *Spreitzer v Spreitzer*, 40 AD3d 840, 841 [2007]; *Duspiva v Duspiva*, 181 AD2d 810, 811 [1992]), which comes to $484,000. The plaintiff's equitable share of the defendant's enhanced earning capacity should then have been derived from this net present value. We therefore conclude that the plaintiff is entitled to an award of 25% of $484,000, or $121,000, as her share of the defendant's enhanced earning capacity.

The Supreme Court properly determined the duration of the defendant's maintenance obligation. Nonetheless, contrary to the plaintiff's further contention, the Supreme Court properly determined that the amount representing her share of the defendant's yearly enhanced earning capacity should be excluded from his income for the purpose of calculating her yearly award of maintenance. This is so because once "a court converts a specific stream of income into an asset, that income may no longer be calculated into the maintenance formula and payout" (*Grunfeld v Grunfeld*, 94 NY2d 696, 705 [2000]; *see Chamberlain v Chamberlain*, 24 AD3d 589, 594 [2005]). In light of the above, however, the plaintiff's share of the defendant's yearly enhanced earning capacity, which sum is $75,000 per year, should be reduced from 50% to 25% of $75,000, or $18,750. Thus, for the purpose of determining the plaintiff's yearly award of maintenance, the defendant's income must be recalculated in order to exclude 25% (or $18,750) of his yearly enhanced earning capacity of $75,000. The defendant's imputed income of $180,000

should thus be reduced to a net income of $161,250. Accordingly, we also remit this matter to the Supreme Court, Putnam County, for a recalculation of the plaintiff's award of maintenance in accordance herewith.

Given the disparity between the incomes of the parties in this case, the Supreme Court improvidently exercised its discretion in denying the plaintiff's request for an award of an attorney's fee (*see* Domestic Relations Law § 237 [a]; *O'Brien v O'Brien*, 66 NY2d at 590; *see also Litvak v Litvak*, 63 AD3d 691, 693 [2009]). Accordingly, we remit the matter for a determination of a proper award of an attorney's fee. " '[I]n evaluating what constitutes a reasonable attorney's fee, factors to be considered include the time and labor expended, the difficulty of the questions involved and the required skill to handle the problems presented, the attorney's experience, ability, and reputation, the amount involved, the customary fee charged for such services, and the results obtained' " (*Matter of Massey*, 73 AD3d 1179, 1179 [2010], quoting *Matter of Goliger*, 58 AD3d 732, 732 [2009]; *see Matter of Potts*, 213 App Div 59, 62 [1925], *affd* 241 NY 593 [1925]).

The parties' remaining contentions are without merit. Rivera, J.P., Dickerson, Eng and Austin, JJ., concur.