■ AMI VORA, Respondent, v MANOJ VORA, Appellant. [702 NYS2d 343] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Lifson, J.), dated September 30, 1997, as awarded custody of the parties' infant daughter to the plaintiff, and awarded the plaintiff equitable distribution in the sum of $84,089 and counsel fees in the sum of $28,769.52.

Ordered that the judgment is modified, on the law, by (1) deleting from the 15th decretal paragraph thereof the sum of $84,089 and substituting therefor the sum of $18,916, and (2) deleting the 16th decretal paragraph thereof and substituting therefor a provision directing that the "distributive award of $18,916 be paid in two yearly installments of $9,458 each, with interest of 9% from date of the entry of judgment"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court's determination that the award of custody of the parties' daughter to the plaintiff was in the child's best interest has a sound and substantial basis in the record (*see, Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89; *Bliss v Ach,* 56 NY2d 995).

The Supreme Court providently exercised its discretion in awarding the plaintiff 80% of her counsel fees (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *Levine v Levine,* 179 AD2d 625).

The Supreme Court erred in awarding the plaintiff a 10% interest in the defendant's medical practice, an asset which was acquired by the defendant 11 months after the commencement of this action. Assets acquired after the commencement of an action for a divorce, not otherwise the product of a sale or exchange of marital property, are categorized as separate, rather than marital property (*see; Lennon v Lennon,* 124 AD2d 788).

We agree with the Supreme Court's finding that the plaintiff is entitled to a 10% interest in the defendant's enhanced earning ability based upon her testimony that she cared for the parties' child, provided some economic support, and, to an extent, sacrificed her education while the defendant pursued his medical license (*see, Vainchenker v Vainchenker,* 242 AD2d 620). However, the Supreme Court erred in failing to apply a "coverture fraction" to the enhanced earning valuation to account for the portion of the defendant's medical education and training completed before the marriage and after the commencement of the instant action (*see, Grunfeld v Grunfeld,* 255 AD2d 12; *Vainchenker v Vainchenker, supra*). The defendant was a practicing physician in India for several years before coming to the United States, and completed the last two months of his residency in the United States after the commencement of this action. The Supreme Court also erred in reducing the value of the defendant's enhanced earnings by loans totalling $45,000 allegedly advanced by the defendant's father prior to the marriage. Loans taken for educational purposes prior to the parties' marriage should not be deducted from the estimated amount of future enhancement (*Greenfield v Greenfield,* 234 AD2d 60). We conclude, based upon the testimony, that the defendant achieved 22.6% of his medical education and training during the marriage. Therefore, the marital portion of the value of the defendant's enhanced earning ability is $189,162, and the plaintiff is entitled to a distributive award of 10% thereof in the amount of $18,916.

Finally, we find that payment of the distributive award should be made over a two-year rather than a 20-year period, particularly in light of the substantial reduction in the amount of the award. O'Brien, J. P., Friedmann, Florio and H. Miller, JJ., concur.