■ MARY E. KRIFTCHER, Respondent-Appellant, v ERIC L. KRIFTCHER, Appellant-Respondent. [874 NYS2d 153]—

In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Ross, J.), entered March 13, 2007, as, after a nonjury trial, awarded the plaintiff wife the sum of $828,699.20 as her 40% share of his enhanced earning capacity and an attorney's fee in the sum of $30,000, and the plaintiff wife cross-appeals, as limited by her brief, from so much of the same judgment as declined to award her maintenance, awarded her the sum of only $1,229.71 per week in child support, and failed to award her equitable distribution of the husband's bonus for the calendar year 2005, which the husband received in 2006.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof awarding the wife the sum of $828,699.20 as her 40% share of the husband's enhanced earning capacity and substituting therefor a provision awarding the wife the sum of $207,175 as her 10% share of that asset, (2) by deleting the provision thereof declining to award the wife maintenance and substituting therefor a provision awarding the wife the sum of $1,000 per week in maintenance for 10 years, and (3) by adding a provision thereto awarding the wife the sum of $55,575 as her equitable share of that portion of the husband's bonus for the calendar year 2005 which constituted marital property; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court correctly concluded that the enhanced earnings resulting from the law degree and license obtained by the husband during the marriage are marital property subject to equitable distribution (*see O'Brien v O'Brien*, 66 NY2d 576 [1985]). Nevertheless, " 'it is . . . incumbent upon the nontitled party seeking a distributive share of such assets to demonstrate that they made a substantial contribution to the titled party's acquisition of that marital asset [and], [w]here only modest contributions are made by the nontitled spouse toward the other spouse's attainment of a degree or professional license, and the attainment is more directly the result of the titled spouse's own ability, tenacity, perseverance and hard work, it is appropriate for courts to limit the distributed amount of that enhanced earning capacity' " (*Higgins v Higgins*, 50 AD3d 852, 853 [2008], quoting *Brough v Brough*, 285 AD2d 913, 914-915 [2001], and *Farrell v Cleary-Farrell*, 306 AD2d 597, 599-600 [2003]; *see Vora v Vora*, 268 AD2d 470, 471 [2000]). Here, the wife's minimal contributions to the husband's obtaining of his degree and license entitle her to a share of only 10% in the enhanced earnings that have resulted (*see Farrell v Cleary-Farrell*, 306 AD2d at 599-600).

The Supreme Court also erred in failing to distribute the husband's bonus for the calendar year 2005, which he received in March 2006 and was in the gross sum of $360,000. Based upon the unrebutted testimony of the forensic expert, the husband's effective income tax rate was 38.25%, and, therefore, the net amount of the husband's bonus was the sum of $222,300. Since the divorce action was commenced on June 28, 2005, the marital portion of that asset is 50% of its net value, or $111,150. Considering all of the statutory factors (*see* Domestic Relations Law § 236 [B] [5] [d]), the wife's equitable share of that marital asset is 50%, or $55,575.

"In determining the appropriate amount and duration of maintenance, the court is required to consider, among other factors, the standard of living of the parties during the marriage and the present and future earning capacity of both parties (*see* Domestic Relations Law § 236 [B] [6] [a])" (*Haines v Haines*, 44 AD3d 901, 902 [2007] [citations omitted]). Here, although the wife earned a teaching license during the course of the marriage, she is, at present, primarily a homemaker, who works only part-time as a substitute teacher earning approximately $10,000 per year. In sharp contrast, the husband is an attorney making approximately $500,000 per year. Considering, among other factors, the standard of living of the parties during the marriage, the distribution of marital property, the health of the

parties, the present and future earning capacity of both parties, and the ability of the party seeking maintenance to become self-supporting (*see* Domestic Relations Law § 236 [B] [6]; *DiBlasi v DiBlasi*, 48 AD3d 403 [2008]; *Meccariello v Meccariello*, 46 AD3d 640, 641-642 [2007]), a maintenance award in the sum of $1,000 per week for 10 years is appropriate.

Contrary to the wife's contention, however, the Supreme Court providently exercised its discretion in determining child support (*cf. Kaplan v Kaplan*, 21 AD3d 993 [2005]), and, contrary to the husband's contention, the Supreme Court providently exercised its discretion in awarding an attorney's fee to the wife (*see generally Clifford v Pierce*, 214 AD2d 697, 698 [1995]).

The parties' remaining contentions are without merit. Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.