■ CATHERINE CROWLEY, Respondent, v DANIEL RUDERMAN, Appellant. [877 NYS2d 15]—

Judgment, Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered on or about January 29, 2008, which, to the extent appealed from as limited by the brief, valued the marital apartment at $1,050,000, ordered defendant to pay $927 per month in basic child support and 40% of the child's add-on expenses, including private school tuition, summer camp, voice and tennis lessons, and medical expenses, and awarded plaintiff one half of the sums paid by her during the pendency of the action for the maintenance on the marital apartment and the parties' joint income taxes for 2003 and 2004, unanimously affirmed, without costs.

The trial court's rejection of defendant's expert's testimony as to the value of the marital residence is entitled to substantial deference (*see Hale v Hale*, 16 AD3d 231, 233 [2005]). Most significantly, in contrast to the work done by plaintiff's expert in reaching his conclusion, defendant's expert did not visit comparable apartments or view photographs of them, was unaware of the extent or cost of the bathroom and kitchen renovations in those apartments, and admitted on cross-examination that he should have made adjustments for those differences.

The court properly distributed the parties' marital debt paid solely by plaintiff during the pendency of the action, including maintenance on the marital apartment and their joint income taxes, in the same proportion as that of their marital assets (*see Savage v Savage*, 155 AD2d 336 [1989]; *Capasso v Capasso*, 129 AD2d 267, 293 [1987], *lv denied and dismissed* 70 NY2d 988 [1988]).

The award of basic child support, based on the child's actual needs and the amount required for an appropriate lifestyle, is supported by the record (*see Matter of Vladlena B. v Mathias G.*, 52 AD3d 431 [2008]).

The court properly allocated the award for the child's add-on expenses according to the proportion of the combined parental income that each parent's income represents. We note that defendant never objected to the child's continued attendance at

private school or continued participation in various extracurricular activities. The court properly relied on plaintiff's financial expert for an analysis of defendant's cash flow. In contrast to defendant's expert, plaintiff's expert took into account the investment income defendant could expect from his equitable distribution award. The court fairly and reasonably limited its application of that expected investment income to the award of add-on expenses.

We have considered defendant's remaining contentions and find them unavailing. Concur—Andrias, J.P., Gonzalez, Buckley and Acosta, JJ.