■ DIANE GRECO, Appellant, v WAYNE RODRIGUEZ, Respondent. [914 NYS2d 638]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Nassau County (Gartenstein, J.H.O.), entered September 10, 2008, which, upon a decision of the same court dated October 31, 2007, made after a nonjury trial, inter alia, declined to award maintenance and child support to her and denied her motion to hold the defendant in contempt.

Ordered that the order and judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof denying the plaintiff's motion to hold the defendant in contempt, and (2) by adding thereto a provision directing the defendant to pay the plaintiff child support in the sum of $239 per week; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings, including the determination of the plaintiff's contempt motion by a Justice of the Supreme Court.

In a decision dated October 31, 2007, a Judicial Hearing Officer (hereinafter the JHO) calculated the defendant's child support obligation to be $239 per week. However, a provision directing the defendant to pay the plaintiff child support in the sum of $239 per week was omitted from the order and judgment entered September 10, 2008, upon the decision. Accordingly, we

modify the order and judgment to include that omitted provision. Contrary to the plaintiff's contention, the JHO providently exercised his discretion in imputing income to the defendant in the sum of only $49,500 per year for the purpose of calculating his child support obligation (*see Matter of Sena v Sena*, 65 AD3d 1244, 1244-1245 [2009]; *Bogannam v Bogannam*, 60 AD3d 985, 986 [2009]; *Matter of Azrak v Azrak*, 60 AD3d 937, 939 [2009]).

Under the circumstances of this case, the JHO providently exercised his discretion in declining to award maintenance to the plaintiff (*see Cuozzo v Cuozzo*, 2 AD3d 665 [2003]; *Koeth v Koeth*, 309 AD2d 786, 787 [2003]; *Gainey v Gainey*, 303 AD2d 628, 630-631 [2003]).

However, the JHO was without the authority to determine the plaintiff's motion to hold the defendant in contempt regarding his out-of-court conduct (*see* CPLR 4301; *Fernald v Vinci*, 302 AD2d 354, 355 [2003]). Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for further proceedings, including the determination of the plaintiff's contempt motion by a Justice of the Supreme Court.

The plaintiff's remaining contentions are either without merit or improperly raised for the first time in her reply brief (*see NYCTL 2005-A Trust v 2137-2153 Nostrand Ave. Assoc., L.P.*, 69 AD3d 697, 698 [2010]). Skelos, J.P., Angiolillo, Hall and Lott, JJ., concur.