■ JEFFREY HOFFMAN, Respondent, v HELM CAPITAL GROUP, INC., Defendant. RUSSELL HOFFMAN, Nonparty Appellant. JEFFREY HOFFMAN, Respondent, v HELM CAPITAL GROUP, Inc., Defendant. JAMES MICHAEL LENIHAN, Nonparty Appellant. [961 NYS2d 456]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered April 24, 2012, which granted plaintiff's motion to hold nonparty Russell Hoffman in contempt to the extent of ordering him to be committed for four days for criminal contempt and to be committed indefinitely for civil contempt, unless or until he purged himself of contempt by paying a fine of $500 and providing the records he was ordered to produce, unanimously reversed, on the law, without costs, to vacate the findings of contempt, and the matter remanded to a Justice of the Supreme Court to determine whether civil contempt should be imposed and, if not, the appropriate penalty to be imposed. Orders, same court and JHO, entered May 25 and 30, 2012, which granted plaintiff's motion to hold nonparty James Michael Lenihan in civil contempt and ordered the preparation of a warrant for his arrest, unanimously reversed, on the law and

the facts, without costs, the order vacated, and the matter remanded to a Justice of the Supreme Court for further proceedings consistent herewith.

In this action to recover on a promissory note, the parties stipulated to assign the matter to JHO Ira Gammerman, "to exercise all the powers of a Justice of this Court, including the power to manage all pretrial aspects of the case, decide all motions, hear and determine non-jury cases."

On March 26, 2009, a judgment was entered in this action in favor of plaintiff, in the total amount of $539,612.24. Plaintiff's attempt to enforce the judgment included issuance of a subpoena on defendant and a restraining notice to defendant's counsel, appellant Lenihan. During enforcement proceedings, JHO Gammerman directed appellant Hoffman, defendant's president, to provide, inter alia, defendant's complete books and records, including copies of issued checks. Upon learning that Lenihan had issued checks from his attorney trust accounts in order to pay some of defendant's obligations, JHO Gammerman ordered that Lenihan, inter alia, produce copies of those checks. Upon appellants' failure to comply with JHO Gammerman's orders, plaintiff moved by orders to show cause for contempt, and JHO Gammerman found Russell in civil and criminal contempt and Lenihan in civil contempt.

While CPLR 4311 and 4317 (a) give a referee, upon consent of the parties, the power to hear and determine all trial issues before the court, CPLR 4301 specifically precludes a referee and, thus, a JHO from "adjudg[ing] any person except a witness before him guilty of contempt." While Judge Gammerman had the power to make factual findings concerning violation of his orders, he was without power to adjudge persons in contempt because neither contempt finding involved behavior occurring before him (*see Greco v Rodriguez*, 80 AD3d 562 [2d Dept 2011]). Thus, those adjudications must be vacated. Moreover, the criminal contempt finding must also be vacated given the absence of personal service of notice that criminal contempt was being sought (*Matter of Murray*, 98 AD2d 93, 98 [1st Dept 1983]). Although he did have the power to make findings as to whether his orders had been violated, Judge Gammerman's failure to make findings that Lenihan's actions defeated, impaired, impeded or prejudiced a right or remedy of a party warrants a further hearing (*see Matter of Ross v Sherwood Diversified Servs.*, 88 AD2d 936 [2d Dept 1982]; Judiciary Law § 753 [A]).

Accordingly, the contempt orders against Hoffman and Lenihan are vacated and the matters are remanded to a Justice of the Supreme Court to evaluate findings and determine the

appropriate penalty for Hoffman and for a new hearing as to Lenihan. Concur—Andrias, J.P., Sweeny, Freedman, Feinman and Gische, JJ.