■ AMELIA H. OVERTON, Respondent, v WILLIAM T. OVERTON, Appellant. [988 NYS2d 239]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Rockland County (Jamieson, J.), dated March 19, 2012, as, upon an order of the same court dated September 15, 2011, inter alia, granting that branch of the plaintiff's motion which was for summary judgment determining that certain bank accounts held a total sum of $88,314.99 as of the date of commencement of this action and were her separate property to the extent of determining that those accounts contained the total sum of $88,314.99 and that the sum of $38,786 of that total was her separate property, in effect, awarded the defendant 50% of the sum of only $49,528.99, as his share of the remaining funds in her bank accounts.

Ordered that the judgment is modified, on the law, by deleting the provision thereof, in effect, awarding the defendant 50% of the sum of only $49,528.99; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, that branch of the plaintiff's motion which was for summary judgment determining that certain bank accounts held a total sum of $88,314.99 as of the date of the commencement of the action is denied, and the order dated September 15, 2011, is modified accordingly.

There is a statutory presumption that all property, unless clearly separate, is deemed marital property, and the burden rests with the titled spouse to rebut the presumption (*see Fields v Fields*, 15 NY3d 158, 163 [2010]; *DeJesus v DeJesus*, 90 NY2d 643, 652 [1997]; *Tsigler v Kasymova*, 73 AD3d 1159, 1159-1160 [2010]). The titled spouse may seek to rebut that presumption that any commingled funds became marital property by tracing the source of the funds with sufficient particularity (*see Masella*

*v Masella*, 67 AD3d 749, 750 [2009]; *Massimi v Massimi*, 35 AD3d 400, 402 [2006]). Here, the plaintiff met her prima facie burden of establishing her entitlement to judgment as a matter of law with respect to the issue of whether the sum of $38,786 in her bank accounts was her separate property by providing documentation that she received that total amount in the form of gifts and inheritances, which are considered separate property (*see* Domestic Relations Law § 236 [B] [1] [d] [1]). In opposition, the defendant failed to raise a triable issue of fact. Thus, the Supreme Court properly determined that $38,786 of the funds in the plaintiff's bank accounts were her separate property.

However, the defendant correctly contends that the plaintiff failed to demonstrate her entitlement to judgment as a matter of law with respect a determination that the subject bank accounts held a certain sum at the time of the commencement of the action. The plaintiff's sworn statement of net worth, and her affidavit stating the balances in certain bank accounts at the time of the commencement of the action, inter alia, offered conflicting information. Although the plaintiff stated that she made a calculation error on her sworn statement of net worth, she did not provide any corroborating evidence to substantiate her claim. Moreover, in opposition, the defendant submitted, among other things, bank statements from prior to the commencement of the action that reflected significantly higher balances in the subject accounts than what the plaintiff reported. Thus, the Supreme Court erred in determining that the subject bank accounts contained a total sum of only $88,314.99 at the time of the commencement of the action. Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of the total amount held in the subject bank accounts on the date that this action was commenced. Resolution of that issue, as well as the concomitant issue as to how much was held in the accounts over and above the $38,786 that was properly determined to be the plaintiff's separate property, must await the trial of the action. Balkin, J.P., Chambers, Cohen and Duffy, JJ., concur.