■ KIMBERLY FILIPPAZZO, Appellant, v JOSEPH FILIPPAZZO, Respondent. [994 NYS2d 671]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Bruno, J.), entered August 30, 2012, which, upon a decision of the same court dated March 21, 2012, after a nonjury trial, inter alia, determined that the marital residence was the defendant's separate property, failed to award her counsel fees and maintenance, and declined to impute additional income to the defendant for purposes of determining the defendant's child support obligation.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action for a divorce and ancillary relief against the defendant, and the matter proceeded to trial on the issues of, inter alia, equitable distribution, maintenance, child support, and counsel fees.

After trial, the Supreme Court properly determined that the marital residence was the defendant's separate property. The evidence demonstrated that the house, in which the defendant had grown up, was formerly owned by the defendant's father, and that the defendant's father transferred it solely to the defendant for no consideration. Accordingly, the defendant established that the marital residence was a "gift from a party other than the spouse" and was, therefore, his separate property (Domestic Relations Law § 236 [B] [1] [d] [1]; *see Hymowitz v Hymowitz*, 119 AD3d 736 [2014]; *Overton v Overton*, 118 AD3d 858 [2014]).

The amount and duration of spousal maintenance is committed to the sound discretion of the trial court, and each case is to be decided on its own unique facts (*see Wortman v Wortman*, 11 AD3d 604, 606 [2004]). Here, the Supreme Court did not improvidently exercise its discretion in declining to award the plaintiff maintenance in light of her ability to become self-supporting, the parties' modest lifestyle, and funds distributed from the defendant to the plaintiff upon the parties' separation

(*see Greco v Rodriguez*, 80 AD3d 562, 563 [2011]; *Cuozzo v Cuozzo*, 2 AD3d 665 [2003]).

Under the circumstances, including the parties' commensurate financial positions and the funds that the plaintiff received upon the parties' separation, the Supreme Court also properly denied the plaintiff an award of counsel fees (*see Carr-Harris v Carr-Harris*, 98 AD3d 548, 552 [2012]; *Crook v Crook*, 85 AD3d 958, 959 [2011]).

"In determining an award of child support, the Supreme Court 'may depart from a party's reported income and impute income based on the party's past income or demonstrated earning potential' " (*DeSouza-Brown v Brown*, 71 AD3d 946, 947 [2010], quoting *Mongelli v Mongelli*, 68 AD3d 1070, 1071 [2009]). The trial court "is afforded considerable discretion in determining whether to impute income to a parent" (*Matter of Kennedy v Ventimiglia*, 73 AD3d 1066, 1067 [2010]; *see Matter of Saladino v Saladino*, 115 AD3d 867 [2014]). Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in declining to impute additional income to the defendant. The findings regarding the defendant's income were based on an assessment of his credibility and are supported by the record (*see Matter of Saladino v Saladino*, 115 AD3d 867 [2014]; *Matter of Kennedy v Ventimiglia*, 73 AD3d 1066 [2010]; *Matter of Saren v Palma*, 3 AD3d 572 [2004]).

The plaintiff's remaining contentions are either improperly raised for the first time on appeal or are without merit. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.