■ JOSEPH BRADY, Respondent, v ANNA BOUNSING-BRADY, Appellant. [17 NYS3d 720]—

Appeals from (1) stated portions of a judgment of divorce of the Supreme Court, Orange County (Debra J. Kiedaisch, J.), dated August 29, 2013, and (2) findings of fact of that court also dated August 29, 2013. The judgment, inter alia, directed the defendant to pay child support in the sum of $401 per month, awarded the defendant maintenance for only five years in the sum of $1,733 per month, and denied the defendant's request for an award of an attorney's fee.

Ordered that the appeal from the findings of fact dated August 29, 2013, is dismissed, as no appeal lies therefrom (*see Soehngen v Soehngen*, 58 AD3d 829 [2009]); and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, the defendant is awarded maintenance in the sum of $1,733 per month until the earliest of either the date of her remarriage, her attainment of age 67, or the death of either party, and the matter is remitted to the Supreme Court, Orange County, for a new determination of the defendant's child support obligation, and for a hearing, if necessary, and determination of an appropriate award of an attorney's fee to the defendant; and it is further,

Ordered that in the interim, the defendant shall pay $294.44 per month in child support; and it is further,

Ordered that one bill of costs is awarded to the defendant.

A court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings (*see Brown v Brown*, 239 AD2d 535 [1997]). The court may impute income to a party based on his or her employment history, future earning capacity, educational background, or money received from friends and relatives (*see Wesche v Wesche*, 77 AD3d 921, 923 [2010]). Here, the Supreme Court erred in imputing yearly income of $9,216 to the defendant, in addition to the $20,784 yearly income the defendant receives as Social Security disability benefits and retirement disability benefits. The defendant demonstrated through, inter alia, the testimony of her expert witness, that she has been permanently disabled since January 1998 as a result of a workplace injury and, thus, unable to work (*cf. Matter of Bukovinsky v Bukovinsky*, 299 AD3d 786, 787 [2002]). Accordingly, the determination of the defendant's child support obligation, which was based in part on the defendant's imputed income, is incorrect, and the matter must be remitted to the Supreme Court, Orange County, for, inter alia, a new determination of the defendant's child support obligation. As part of that determination, the Supreme

Court must consider whether the child support obligation is "unjust or inappropriate" (Domestic Relations Law § 240 [1-b] [f]), such that a deviation from the Child Support Standards Act figure is required (*see Mollon v Mollon*, 282 AD2d 659, 660 [2001]).

The duration of maintenance is a matter committed to the sound discretion of the trial court and every case must be determined on its unique facts (*see Chalif v Chalif*, 298 AD2d 348 [2002]). The factors to be considered in awarding maintenance include "the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (*Kret v Kret*, 222 AD2d 412, 412 [1995]). Here, the Supreme Court improvidently exercised its discretion in awarding the defendant maintenance for only five years. At the time this action was commenced, the parties had been married for 14 years. During the course of their marriage, they had a modest lifestyle. The defendant is currently 53 years old and, as noted, has been permanently disabled and unable to work since 1998. The plaintiff, in contrast, is employed as a New York City firefighter and earns in excess of $100,000 yearly. Under these circumstances, we conclude that an appropriate duration of maintenance is the earliest of either the date of the defendant's remarriage, her attainment of age 67, or the death of either party.

Finally, considering the equities and other circumstances of this case (*see Mazza v Marcello*, 20 AD3d 554 [2005]), including the disparity in income between the parties, the Supreme Court improvidently exercised its discretion in denying the defendant's request for an award of an attorney's fee (*see Litvak v Litvak*, 63 AD3d 691, 693 [2009]). Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.