■ PANAYIOTA PERDIOS, Appellant, v DEMETRIOS PERDIOS, Respondent. [24 NYS3d 680]—

Appeal from stated portions of a judgment of divorce of the Supreme Court, Suffolk County (Andrew A. Crecca, J.), entered November 18, 2013. The judgment, after a nonjury trial, inter alia, awarded the plaintiff certain maintenance and child support payments, made an equitable distribution of the parties' marital assets, and awarded the plaintiff an attorney's fee.

Ordered that the judgment of divorce is affirmed insofar as appealed from, with costs.

The parties were married in 1989 and have three children. In 2007, the plaintiff commenced this action for a divorce and ancillary relief. By order dated January 27, 2011, after a hearing, the Supreme Court valued the marital portion of the asset Essex Building, LLC, at 1%. By decision and order dated September 4, 2012, after a nonjury trial, the court, inter alia, directed the dissolution of the marriage and made determinations as to maintenance, child support, and equitable distribution. On November 18, 2013, judgment was entered upon the order. The plaintiff appeals from stated portions of the judgment, contending that the court erred in determining that 99% of the Essex Building, LLC, was not marital property subject to equitable distribution, and in awarding her weekly taxable maintenance in the sum of only $600 per week for only 10 years, weekly child support in the sum of only $597.40, only a 20% share of the combined value of the defendant's business interests, and the sum of only $112,166.76 in attorney's fees and disbursements.

The Supreme Court properly determined that 99% of the Essex Building, LLC, was owned by the Perdios 2003 Irrevocable Family Trust and therefore was not marital property subject to equitable distribution (*see* Domestic Relations Law § 236 [B] [3]; EPTL 7-1.18; *Marshall v Marshall*, 91 AD3d 610, 611 [2012]; *Villi v O'Caining-Villi*, 10 Misc 3d 1060[A], 2005 NY Slip Op 52049[U], *12 [Sup Ct, Westchester County 2005]; *cf. Riechers v Riechers*, 267 AD2d 445 [1999]; *Surasi v Surasi*, 2001 NY Slip Op 40408[U], *1 [2001]).

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in awarding her a 20% share of the combined value of the defendant's business interests. The award of 20% of the value of the businesses properly accounts for the plaintiff's minimal direct and indirect contributions to the business, while not ignoring her contributions as the primary caretaker of the parties' children, which allowed the defendant to focus on the businesses (*see Gordon v*

*Gordon*, 113 AD3d 654, 655 [2014]; *Elias v Elias*, 101 AD3d 938, 939 [2012]; *Davis v O'Brien*, 79 AD3d 695, 696 [2010]; *Baron v Baron*, 71 AD3d 807, 809 [2010]; *cf. Griggs v Griggs*, 44 AD3d 710, 713 [2007]; *Meza v Meza*, 294 AD2d 414, 415 [2002]).

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in not imputing additional income to the defendant for purposes of determining the defendant's child support obligation (*see generally Brady v Bounsing-Brady*, 131 AD3d 1189, 1190 [2015]). The plaintiff's remaining contentions regarding the child support award are without merit.

The "amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (*Massirman v Massirman*, 78 AD3d 1021, 1022 [2010]). "The court may order maintenance in such amount as justice requires, considering, inter alia, the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (*Merrick v Merrick*, 132 AD3d 742, 742-743 [2015] [emphasis omitted]). Taking these factors into consideration, the Supreme Court providently exercised its discretion in awarding the plaintiff, who was the primary caretaker of the parties' children and was out of the workforce for an extended period of time, $600 per week in maintenance for 10 years (*see Walter v Walter*, 38 AD3d 763 [2007]; *Wortman v Wortman*, 11 AD3d 604 [2004]; *Ventimiglia v Ventimiglia*, 307 AD2d 993 [2003]; *see also Griggs v Griggs*, 44 AD3d 710 [2007]; *Fridman v Fridman*, 301 AD2d 567 [2003]).

Given the circumstances of this case, the Supreme Court providently exercised its discretion in awarding the plaintiff the sum of $112,166.76 in attorney's fees and disbursements, which represented 40% of the amount of legal fees the plaintiff incurred (*see* Domestic Relations Law § 237; *Cohen v Cohen*, 73 AD3d 832, 834 [2010]; *Ciampa v Ciampa*, 47 AD3d 745, 748 [2008]; *Prichep v Prichep*, 52 AD3d 61, 64 [2008]; *Morrissey v Morrissey*, 259 AD2d 472, 473 [1999]; *Tayar v Tayar*, 250 AD2d 757 [1998]; *see also Raynor v Raynor*, 68 AD3d 835, 839 [2009]; *Litvak v Litvak*, 63 AD3d 691, 693 [2009]).

The plaintiff's remaining contention regarding the proceeds of the marital home is not properly before this Court. Rivera, J.P., Chambers, Sgroi and LaSalle, JJ., concur.