■ Calvin E. Taylor, Appellant, v Carole Taylor, Respondent. [34 NYS3d 127]—

Appeal from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Norman Janowitz, J.), entered October 15, 2013. The judgment, upon a decision of that court dated February 20, 2013, made after a nonjury trial, and an order of that court dated July 23, 2013, inter alia, (a) awarded the defendant title to, and exclusive use and occupancy of, the marital residence, (b) awarded the plaintiff only five percent of the value of the defendant's enhanced earning capacity, (c) failed to impute additional income to the defendant in determining her child support, unreimbursed medical expenses, and maintenance obligations, (d) directed the plaintiff to pay a pro rata share of the private school tuition for the parties' children, and (e) failed to award the plaintiff maintenance and attorneys' fees.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties were married in July 1991, and have two children. In October 2007, the plaintiff commenced this action for a divorce and ancillary relief against the defendant. After a nonjury trial on the issues of equitable distribution of the marital property, child support, maintenance, and attorneys' fees, the Supreme Court, in a decision after trial dated February 20, 2013, among other things, determined to: award the defendant title to, and exclusive use and occupancy of, the marital residence, award the plaintiff only five percent of the value of the defendant's enhanced earning capacity, decline to impute additional income to the defendant in determining her child support, unreimbursed medical expenses, and maintenance obligations, direct the plaintiff to pay a pro rata share of the private school tuition for the parties' children, and deny the plaintiff's requests for maintenance and attorneys' fees. Thereafter, in an order dated July 23, 2013, made upon reargument, the court modified the decision in certain respects not relevant to this appeal. A judgment was subsequently entered upon the decision and the order. The plaintiff appeals.

Equitable distribution does not necessarily mean equal distribution (see Michaelessi v Michaelessi, 59 AD3d 688, 689 [2009]; Evans v Evans, 57 AD3d 718, 719 [2008]; Greene v Greene, 250 AD2d 572 [1998]). The equitable distribution of marital assets must be based on the circumstances of the particular case and the consideration of a number of statutory factors (see Domestic Relations Law § 236 [B] [5] [d]; Holterman v Holterman, 3 NY3d 1, 7 [2004]). Those factors include:

the income and property of each party at the time of marriage and at the time of commencement of the divorce action; the duration of the marriage; the age and health of the parties; the loss of inheritance and pension rights; any award of maintenance; any equitable claim to, interest in, or direct or indirect contribution made to the acquisition of marital property by the party not having title; and any other factor which the court shall expressly find to be just and proper (*see* Domestic Relations Law § 236 [B] [5] [d]; *Halley-Boyce v Boyce*, 108 AD3d 503, 504 [2013]). When both spouses equally contribute to a marriage of long duration, as here, the division of marital property should be as equal as possible (*see Steinberg v Steinberg*, 59 AD3d 702, 703 [2009]; *Adjmi v Adjmi*, 8 AD3d 411, 412 [2004]).

" 'A trial court is vested with broad discretion in making an equitable distribution of marital property, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed' " (*Aloi v Simoni*, 82 AD3d 683, 685 [2011], quoting *Schwartz v Schwartz*, 67 AD3d 989, 990 [2009] [internal quotation marks omitted]; *see Scher v Scher*, 91 AD3d 842, 846-847 [2012]; *Saleh v Saleh*, 40 AD3d 617, 617-618 [2007]; *Oster v Goldberg*, 226 AD2d 515 [1996]). "Moreover, where the determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses is afforded great weight on appeal" (*Aloi v Simoni*, 82 AD3d at 685; *see Scher v Scher*, 91 AD3d at 847; *Schwartz v Schwartz*, 67 AD3d at 990; *Ivani v Ivani*, 303 AD2d 639, 640 [2003]).

Upon consideration of all of the relevant factors (*see* Domestic Relations Law § 236 [B] [5] [d]), the Supreme Court did not improvidently exercise its discretion in awarding title to the marital residence, which was substantially encumbered, to the defendant (*see Samimi v Samimi*, 134 AD3d 1010, 1011 [2015]; *Bauman v Bauman*, 132 AD3d 791, 794 [2015]). Moreover, given the court's discretion to establish the valuation date of assets, and the stipulation of the parties to the admission into evidence of the updated house appraisal as of March 16, 2010, the court did not err in employing the date of March 16, 2010 as the valuation date for the marital residence (*see* Domestic Relations Law § 236 [B] [4] [b]; *McSparron v McSparron*, 87 NY2d 275, 287 [1995]; *Donovan v Szlepcsik*, 52 AD3d 563, 563-564 [2008]). Furthermore, the court did not improvidently exercise its discretion in awarding the defendant exclusive occupancy of the marital residence, as the financial circumstances of the parties did not dictate its immediate sale (*see Aebly v*

*Lally*, 112 AD3d 561, 563 [2013]; *Skinner v Skinner*, 241 AD2d 544, 545 [1997]; *Hillmann v Hillmann*, 109 AD2d 777, 778 [1985]; *cf. Blackman v Blackman*, 131 AD2d 801, 804 [1987]).

While the enhanced earnings of the defendant resulting from the Master's degree and advanced certification she obtained during the marriage are marital property subject to equitable distribution (*see O'Brien v O'Brien*, 66 NY2d 576 [1985]), " 'it is . . . incumbent upon the nontitled party seeking a distributive share of such assets to demonstrate that [he or she] made a substantial contribution to the titled party's acquisition of that marital asset [and], [w]here only modest contributions are made by the nontitled spouse toward the other spouse's attainment of a degree or professional license, and the attainment is more directly the result of the titled spouse's own ability, tenacity, perseverance and hard work, it is appropriate for courts to limit the distributed amount of that enhanced earning capacity' " (*Higgins v Higgins*, 50 AD3d 852, 853 [2008], quoting *Brough v Brough*, 285 AD2d 913, 914 [2001], and *Farrell v Cleary-Farrell*, 306 AD2d 597, 599 [2003]; *see Kriftcher v Kriftcher*, 59 AD3d 392, 393 [2009]; *Vora v Vora*, 268 AD2d 470, 471 [2000]). Here, since the plaintiff's contributions to the defendant's acquisition of her degree and advanced certification were minimal, the Supreme Court providently exercised its discretion in awarding him only five percent of the value of the defendant's enhanced earning capacity (*see Farrell v Cleary-Farrell*, 306 AD2d at 599-600).

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in declining to impute additional income to the defendant for the purpose of determining her child support, unreimbursed medical expenses, and maintenance obligations (*see Perdios v Perdios*, 135 AD3d 840, 842 [2016]; *Brady v Bounsing-Brady*, 131 AD3d 1189, 1190 [2015]).

The Supreme Court providently exercised its discretion in denying the plaintiff an award of maintenance (*see* Domestic Relations Law § 236 [B] [6]; *Diwan v Diwan*, 135 AD3d 807, 809 [2016]; *Filippazzo v Filippazzo*, 121 AD3d 835 [2014]; *Signorile v Signorile*, 102 AD3d 949, 951 [2013]).

Contrary to the plaintiff's contention, under the circumstances, the Supreme Court providently exercised its discretion in directing him to pay 35% of the cost of private school tuition for the parties' two children (*see* Domestic Relations Law § 240 [1-b] [c] [7]; *Matter of Amos-Richburg v Richburg*, 94 AD3d 1112, 1113-1114 [2012]; *Chan v Chan*, 267 AD2d 413, 414 [1999]; *Manno v Manno*, 196 AD2d 488, 491 [1993]).

Further, under the circumstances, including the parties' similar financial positions and the distributive award, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's request for an award of attorneys' fees (*see* Domestic Relations Law § 237 [a]; *Aebly v Lally*, 127 AD3d 893, 894 [2015]; *Filippazzo v Filippazzo*, 121 AD3d at 835; *Heymann v Heymann*, 102 AD3d 832, 835 [2013]). Rivera, J.P., Dickerson, Maltese and Barros, JJ., concur.