Murphy v Murphy (2019 NY Slip Op 06780)





Murphy v Murphy


2019 NY Slip Op 06780


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-00009
 (Index No. 8043/13)

[*1]Elizabeth Murphy, respondent,
v
Patrick Murphy, appellant.


Chemtob Moss & Forman, LLP, New York, NY (Joshua Forman and Alexis Wolf of counsel), for appellant.
Campagna Johnson, P.C., Hauppauge, NY (Thomas K. Campagna and Nicholas E. Arazoza of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Suffolk County (Carol MacKenzie, J.), entered November 10, 2016. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated May 5, 2016, made after a nonjury trial, awarded maintenance to the plaintiff in the sum of $10,760 per month commencing June 1, 2016, and terminating the first of the month after the plaintiff turns 67 years old.
ORDERED that the judgment of divorce is modified, on the facts and in the exercise of discretion, by adding a provision thereto directing that, in the event that either party dies or the plaintiff remarries during the period when the defendant is obligated to pay maintenance, that obligation terminates; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff and the defendant were married on September 18, 2004, and have no children together. Prior to the marriage, the plaintiff was diagnosed with multiple sclerosis. On March 19, 2013, the plaintiff commenced this action for a divorce and ancillary relief. The parties entered into a stipulation dated April 11, 2016, in which they resolved, inter alia, the issue of equitable distribution. The issue of maintenance was tried before the Supreme Court. At the time of trial, the plaintiff was 42 years old and the defendant was 47 years old. The critical issue presented was whether the plaintiff was capable of working, and if so, in what capacity, as a result of the symptoms that she alleged she experienced due to multiple sclerosis. After the trial, the court determined, inter alia, that the plaintiff was incapable of maintaining employment because of the symptoms she experienced as a result of multiple sclerosis, and awarded the plaintiff maintenance in the sum of $10,760 per month commencing June 1, 2016, and terminating the first of the month after the plaintiff turns 67 years old. The defendant appeals from so much of the subsequent judgment of divorce as awarded the plaintiff maintenance.
The "amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (Grasso v Grasso, 47 AD3d 762, 764; see Lubrano v Lubrano, 122 AD3d 807, 808). The factors to be [*2]considered in awarding maintenance include " the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance'" (Brady v Bounsing-Brady, 131 AD3d 1189, 1191, quoting Kret v Kret, 222 AD2d 412, 412).
We agree with the determination of the Supreme Court that, considering all of the relevant factors set forth above, including the income of the defendant and the parties' standard of living during the marriage, as well as the plaintiff's inability to maintain employment due to the symptoms of her disease, monthly maintenance in the sum of $10,760 is appropriate (see Domestic Relations Law former § 236[B][6]; Carroll v Carroll, 125 AD3d 710, 710; Rabinovich v Shevchenko, 93 AD3d 774, 775). It is undisputed that the plaintiff was diagnosed with multiple sclerosis, which is a chronic and incurable autoimmune disease, as well as another autoimmune disorder, Hassimoto's thyroiditis. At trial, the plaintiff's evidence included her testimony and medical records, and other letters and memoranda from her treating physician, which demonstrated that she experienced numerous symptoms as a result of multiple sclerosis and the treatment that she received for this disease, and that these symptoms interfered with her ability to work (see Peri v Peri, 2 AD3d 425, 426; Mazzone v Mazzone, 290 AD2d 495, 496). Since the court had the opportunity to view the demeanor of the witnesses at the trial and was in the best position to gauge their credibility, the court's credibility determinations, including its rejection, as incredible, of the opinion of the defendant's expert witness that the plaintiff was capable of working full time in a sedentary job, are entitled to great deference on appeal (see Crowley v Ruderman, 60 AD3d 556, 556) and will not be disturbed. Although the plaintiff worked during the marriage in a limited capacity as a yoga instructor up to two hours per week until approximately 2014, she testified that she could still practice yoga and did so, but could no longer instruct. The fact that the plaintiff wrote and self-published a book during the marriage, which took her 10 years to complete and for which she earned no income, does not warrant a different result.
Contrary to the defendant's contention, the Supreme Court did not err in admitting into evidence all of the records that the plaintiff's treating physician produced pursuant to a subpoena served on him by the defendant's attorney in accordance with a stipulation executed by the parties on March 1, 2016.
However, the Supreme Court should have directed that, in the event that either party dies or the plaintiff remarries during the period when the defendant is obligated to pay maintenance, that obligation terminates (see Domestic Relations Law § 236[B][1][a]; Brady v Bounsing-Brady, 131 AD3d at 1191; Harris v Harris, 97 AD3d 534, 537; Haines v Haines, 44 AD3d 901, 903).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court