Matter of Ritossa v Ritossa (2021 NY Slip Op 06850)





Matter of Ritossa v Ritossa


2021 NY Slip Op 06850


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
LARA J. GENOVESI, JJ.


2021-00787
 (Docket No. F-13103-14/20F)

[*1]In the Matter of Sandra Ritossa, respondent,
v
Anthony Ritossa, appellant.


Proto, Sachs & Brown, LLP, White Plains, NY (David R. Sachs of counsel), for appellant.
Scott Stone, P.C., White Plains, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Arlene Katz, J.), entered December 31, 2020. The order, insofar as appealed from, denied the father's objections to so much of an order of the same court (Carol Ann Jordan, S.M.) dated October 2, 2020, as, after a hearing, and upon findings of fact dated October 2, 2020, directed the entry of a money judgment in favor of the mother and against the father that included an amount for arrears for his pro rata share of the cost of private school tuition and related expenses for the parties' eldest child.
ORDERED that the order entered December 31, 2020, is affirmed insofar as appealed from, with costs.
The parties, who are divorced, have two children together. In the judgment of divorce, which was entered after a trial and upon the father's default, the Supreme Court, inter alia, directed the father to pay 61% of required child-related add-on expenses, including, but not limited to, reasonable "educational and extracurricular activities." In March 2020, the mother filed a petition in the Family Court alleging that the father had violated that support order provision of the judgment of divorce. After a willfulness hearing held on September 29, 2020, at which the father's counsel appeared, but the father did not, the Support Magistrate, among other things, directed the entry of a money judgment against the father in the sum of $26,074.71 for child-related add-on expenses. This sum included an amount for private high school tuition and related expenses paid by the mother on behalf of the parties' eldest child. Thereafter, the father filed written objections, arguing that, pursuant to the terms of the parties' judgment of divorce, he was not responsible for paying private school tuition or any related expenses as add-on expenses. The Family Court denied his objections, and the father appeals.
Despite the father's contentions to the contrary, the Family Court did not improvidently determine that the phrase "educational and extracurricular activities," included private school tuition for the parties' children. The judgment of divorce included "educational and extracurricular activities" in a non-exhaustive list of child-related add-on expenses, for which the Supreme Court determined the father was 61% responsible. The mother's uncontroverted testimony at the willfulness hearing was that the parties had been planning to enroll their children in private [*2]school at the time of their divorce, and the mother believed the subject phrase encompassed private school tuition as a child-related add-on expense (cf. Sinnott v Sinnott, 194 AD3d 868; Crowley v Ruderman, 60 AD3d 556). The father failed to appear and testify before the Support Magistrate and cannot now challenge the mother's uncontroverted testimony by way of objections to seek clarification of the specified language in the judgment of divorce. Accordingly, under these circumstances, we affirm.
MASTRO, J.P., BRATHWAITE NELSON, IANNACCI and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court