Nedd v Nedd (2026 NY Slip Op 00787)

Nedd v Nedd

2026 NY Slip Op 00787

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2023-04744
 (Index No. 552993/20)

[*1]Marcus Nedd, respondent,
vBernadette Nedd, appellant.

Nangia & Kazansky, LLP, Brooklyn, NY (Matthew J. Kazansky of counsel), for appellant.
Brian D. Perskin & Associates, P.C., Brooklyn, NY, for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Kings County (Esther M. Morgenstern, J.), dated August 1, 2023. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated March 29, 2023, made after a nonjury trial, awarded the plaintiff a 50% interest in the marital residence.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married on August 26, 1995. The plaintiff commenced this action for a divorce and ancillary relief on December 23, 2020. Following a nonjury trial, the Supreme Court issued a decision, among other things, equitably distributing the marital residence. Thereafter, the court issued a judgment of divorce dated August 1, 2023, inter alia, awarding the plaintiff a 50% interest in the marital residence. The defendant appeals.
Marital property is "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held" (Domestic Relations Law § 236[B][1][c]). Separate property includes, among other things, "property acquired before marriage" (id. § 236[B][1][d][1]). Separate property "can be transmuted into marital property when the actions of the titled spouse demonstrate his [or her] intent to transform the character of the property from separate to marital" (Spera v Spera, 71 AD3d 661, 664; see Spencer-Forrest v Forrest, 159 AD3d 762, 765; Diaco v Diaco, 278 AD2d 358, 359). Moreover, "any appreciation in value of separate property due to the contributions or efforts of the nontitled spouse will be considered marital property" (Shvalb v Rubinshtein, 204 AD3d 1059, 1061-1062).
Here, contrary to the defendant's contention, the Supreme Court did not err in its determination that the marital residence was marital property and not the defendant's separate property. While the deed executed at the time of the initial purchase of the property, prior to the marriage, indicated that the defendant held a 99% interest in the marital residence and the plaintiff held a 1% interest in the marital residence, the parties executed a subsequent deed during the [*2]marriage transferring the marital residence to themselves (see Spencer-Forrest v Forrest, 159 AD3d at 765; Diaco v Diaco, 278 AD2d at 359). Moreover, the evidence adduced at trial reflected that both parties contributed to the down payment for the marital residence and equally shared household expenses until the plaintiff moved out of the marital residence in 2020 and that mortgage agreements with respect to the marital residence indicated that both parties were liable for the entire amount owed.
"The equitable distribution of marital assets must be based on the circumstances of the particular case and the consideration of a number of statutory factors" (Culen v Culen, 157 AD3d 926, 929; see Domestic Relations Law § 236[B][5][d]). "Those factors include: the income and property of each party at the time of marriage and at the time of commencement of the divorce action; the duration of the marriage; the age and health of the parties; the loss of inheritance and pension rights; any award of maintenance; any equitable claim to, interest in, or direct or indirect contribution made to the acquisition of marital property by the party not having title; and any other factor which the court shall expressly find to be just and proper" (Taylor v Taylor, 140 AD3d 944, 945-946).
"A trial court is vested with broad discretion in making an equitable distribution of marital property, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Albano v Albano, 230 AD3d 723, 725; see Osuagwu v Osuagwu, 229 AD3d 802, 802-803). "However, this Court has discretion to determine issues of equitable distribution that is as broad as that of the trial court" (D'Ambra v D'Ambra, 225 AD3d 662, 666; see Sufia v Khalique, 189 AD3d 1499, 1501). "'Moreover, where the determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses is afforded great weight on appeal'" (Taylor v Taylor, 140 AD3d at 946, quoting Aloi v Simoni, 82 AD3d 683, 685).
Here, upon consideration of all of the relevant factors (see Domestic Relations Law § 236[B][5][d]), the Supreme Court did not improvidently exercise its discretion in awarding the plaintiff a 50% interest in the marital residence (see D'Ambra v D'Ambra, 225 AD3d at 666; Silvers v Silvers, 197 AD3d 1195, 1198).
Accordingly, we affirm the judgment of divorce insofar as appealed from.
CHAMBERS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court