Yamauchi v Yamauchi
2026 NY Slip Op 04003
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Saori Yamauchi, respondent,
v
Yasutaka Yamauchi, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2021-08940, (Index No. 59179/17)
Angela G. Iannacci, J.P.
Linda Christopher
Carl J. Landicino
Phillip Hom, JJ.

Guttridge & Cambareri P.C., White Plains, NY (John C. Guttridge and A. Albert Buonamici of counsel), for appellant.
Jacqueline T. Martin (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for respondent.

[*1]
DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated October 18, 2021. The order directed the defendant to pay maintenance and child support to the plaintiff in certain sums.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law and in the exercise of discretion, without costs and disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new determination, with all convenient speed, of the amounts to be awarded as child support and maintenance and the duration of maintenance, in accordance herewith; and it is further,
ORDERED that in the interim, the defendant shall pay child support in the sum of $1,000 per month pending the new determination.
The parties were married in 2003 and have two children together. In 2016, the plaintiff was involved in an automobile accident that rendered her a quadriplegic. In June 2017, the plaintiff commenced this action for a divorce and ancillary relief. The parties entered into a so-ordered stipulation dated July 9, 2020, in which they resolved, inter alia, the issue of custody.
The parties agreed to submit issues regarding maintenance and child support to the Supreme Court for resolution. The plaintiff thereafter submitted her application for maintenance and child support, together with her supporting evidence. The defendant opposed the plaintiff's application, arguing that she was entitled to no maintenance or child support.
By order dated October 18, 2021, the Supreme Court awarded the plaintiff monthly child support in the amount of $1,000 and monthly maintenance in the sum of $3,000 until the termination of child support payments, at which time the monthly maintenance would become $4,000 until the plaintiff reached the age of 67 years old or the plaintiff died or remarried. The defendant appeals.
"The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (Murphy v [*2]Murphy, 175 AD3d 1540, 1541 [internal quotation marks omitted]; see DiLascio v DiLascio, 170 AD3d 804, 807). Pursuant to Domestic Relations Law § 236(B)(6)(e)(1), "[t]he court shall order the post-divorce maintenance guideline obligation up to the income cap in accordance with paragraph c of this subdivision, unless the court finds that the post-divorce maintenance guideline obligation is unjust or inappropriate, which finding shall be based upon consideration of any one or more of the following factors," including the age and health of the parties, the present or future earning capacity of the parties, the termination of a child support award before the termination of the maintenance award, and the existence and duration of a premarital joint household or a pre-divorce separate household.
Here, considering the relevant factors, the amount and duration of the Supreme Court's maintenance award was excessive and an improvident exercise of its discretion (see id. § 236[B][6][e][1], [f][2]; cf. Murphy v Murphy, 175 AD3d at 1541; Brady v Bounsing-Brady, 131 AD3d 1189, 1191). Therefore, the court's determination regarding maintenance must be set aside.
Furthermore, the Supreme Court failed to sufficiently articulate its reasons for deviating from the statutory formula in determining the amount of child support awarded to the plaintiff (see generally Matter of Pittman v Williams, 127 AD3d 755).
Therefore, we remit the matter to the Supreme Court, Westchester County, for a new determination of the amounts to be awarded as child support and maintenance and the duration of maintenance, and, in making that new determination, the court should set forth its reasoning therefor.
The defendant's remaining contentions are either improperly raised for the first time on appeal or without merit.
IANNACCI, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court